## BISSELL *v.* WERT.

EVIDENCE.—*Opinion.*—Where damages are claimed for a breach of contract, by reason of the unskilful sowing of clover, it is not competent to ask a witness the amount of damages sustained by reason of the unskilful sowing. The witness should state the facts, from which the court or jury may determine the damages.

Bissell *v.* Wert.

CONVERSION.—*Instruction to Jury.*—Where a party is charged with having converted personal property in his possession to his own use, it is error to instruct the jury that the evidence of conversion must amount to more than a preponderance, for the reason that the charge involves the moral turpitude of the crime of larceny, and that the evidence must satisfy the jury of the truth of the charge beyond a reasonable doubt.

QUESTION OF LAW RESERVED.—When a question of law is reserved under section 347 of the code, and the evidence is not in the record, this court cannot say that the verdict is sustained by the evidence, and that the giving of an erroneous instruction, which in effect excluded from the jury the principal ground of defense, resulted in no injury.

APPEAL from the Elkhart Circuit Court.

BUSKIRK, J.—The first question raised in the record of this case is upon the action of the court below in excluding the testimony of the witness John Van Frank.

The action was by the appellee against the appellant upon account for work and labor done. The second paragraph of the answer is a plea of set-off, wherein it is shown that the plaintiff was and had been a tenant upon the farm of the appellant, under a written agreement or lease, wherein and whereby it was, among other things, provided that the plaintiff should sow and harrow in clover upon certain fields where wheat was then growing. As a breach of this contract, the answer alleged that the plaintiff sowed said clover in an unskilful manner, by scattering the seed too thinly, and not harrowing the same in at all, whereby the defendant's share of the product of seed and clover was greatly reduced, and the benefit to the land from the sowing of the clover was greatly less.

The contract was read in evidence. Evidence was introduced tending to prove a breach of the contract. The appellant then offered to prove by Van Frank, a competent witness, skilled and experienced in such matters, that damage results to the land from such unskilful sowing of clover and not harrowing the same in, and the amount of such damages in this case; said witness having made a personal examination of the stand of clover on the said fields in September, 1869; to which evidence the appellee objected, and the objection was sustained, and the evidence was excluded; to which ruling

an exception was taken.    This ruling is assigned for error.

The effect of the question asked and overruled was, that the witness should give his opinion as to the amount of damages sustained by the appellant by reason of the unskilful sowing of the clover seed, and the failure to harrow in the same.    It is well settled, both by authority and on principle, that the evidence offered was clearly inadmissible.    The general rule is, that witnesses must speak to facts, and that mere opinions are not admissible.    The reason of the rule is stated by Best in these words: " If those opinions are founded, either on no evidence, or on illegal evidence, they are not to be listened to; if founded on legal evidence, that evidence ought to be laid before the jury, whom the law presumes to be at least as well capable as the witnesses of drawing from them any inferences which justice may require."    Best, Prin. Ev. 384, sec. 344.

The only exceptions to this rule are where professional and scientific witnesses may give their opinions upon questions of skill and science, and where a question of sanity or insanity is involved; in which case persons who are not professional or scientific witnesses may state the facts and give their opinions based on the facts testified to by such witnesses. Upon the like ground, it is the every day's practice to take the opinion of witnesses as to the value of property.    These cases all stand upon the general ground of peculiar skill and judgment in the matters about which opinions are sought. It is said, in *Lincoln* v. *Saratoga R. R. Co.*, 23 Wend. 425, that " opinions, belief, deductions from facts, and such like, are matters which belong to the jury; when the examination extends to these, and the judgment, belief and impressions of witnesses are inquired into as matters proper for the consideration of a jury, their province is in a measure usurped; the judgment of the witness is substituted for that of the jury."

It has been repeatedly decided by this court, that in an action for damages, the opinions of witnesses as to the amount

of such damages are inadmissible.  *E., I., & C. Straight Line R. 'R. Co.* v. *Fitzpatrick*, 10 Ind. 120; *Sinclair* v. *Roush*, 14 Ind. 450; *The T. & W. R. W. Co.* v. *Smith*, 25 Ind. 288; *Mitchell* v. *Allison*, 29 Ind. 43.

In *Whitmore* v. *Bowman*, 4 Greene, Iowa, 148, the law is stated as follows: " As a general rule, witnesses should state facts, and not opinions.  They should give in evidence what they have seen and know in relation to the issue pending, and from these facts the jury will form an opinion.  To this rule, however, there are many exceptions.  These exceptions are applicable mostly to questions of science, skill, or trade, and to persons who are experts in relation to those questions.  But in no case should a witness be permitted to express an opinion as evidence, where the jury, to whom the facts are submitted, are supposed to be equally well qualified to form an opinion.  Unless this practice should prevail, it must follow that witnesses, subject often to strong feelings of prejudice or partiality, may dictate a verdict to the jury."

This court, in *Mitchell* v. *Allison*, 29 Ind. 43, says, " On the trial, while the defendant was testifying as a witness, he was asked this question : 'State what the damage was to you by reason of Allison not cutting and putting up the hay in proper order, and also what you was damaged by reason of Allison not gathering and securing the corn properly.'  The court below, on the objection of the plaintiff, refused to allow the question to be answered.  We think in this the court was right.  It was for the jury to determine the amount of the damages from the facts, uninfluenced by the opinion of witnesses.  The damages resulting from the non-performance of a contract to cut and put up hay, and to gather corn, was a matter about which the jury were as well qualified to form an opinion after hearing the facts as the witness."

We refer to the following authorities by us examined, as having a bearing on the question under consideration:

*The Jefferson Ins. Co.* v. *Cotheal*, 7 Wend. 72; *Norman* v. *Wells*, 17 Wend. 136; *The People* v. *Rector*, 19 Wend. 569; *Fish* v. *Dodge*, 4 Denio, 311; *Lamoure* v. *Caryl*, 4 Denio, 370;

*Paige* v. *Hazard,* 5 Hill, 603; *Giles* v. *O'Toole,* 4 Barb. 261; *Smith* v. *Gugerty,* 4 Barb., 614; *Morehouse* v. *Mathews,* 2 Comst. 514; *Sears* v. *Shafer,* 1 Barb. 408; *Dewitt* v. *Barley,* 5 Seld. 371; *Joy* v. *Hopkins,* 5 Denio, 84; *Brill* v. *Flagler,* 23 Wend. 354; *M'Kee* v. *Nelson,* 4 Cow. 355; *Dunham* v. *Simmons,* 3 Hill, 609; *Town of Rochester* v. *Town of Chester,* 3 N. H. 349; *Town of Peterborough* v. *Town of Jaffrey,* 6 N. H. 462; *Whipple* v. *Walpole,* 10 N. H. 130; *Beard* v. *Kirk,* 11 N. H. 397; *Tebbetts* v. *Haskins,* 16 Me. 283; *Kellogg* v. *Krauser,* 14 S. & R. 137; *Vandine* v. *Burpee,* 13 Met. 288; *Steamboat Albatross* v. *Wayne,* 16 Ohio, 513; and *Clark* v. *Baird,* 5 Seld. 183, where the authorities are fully reviewed and the question is ably discussed.

The second question raised in the record is upon the action of the court below in giving and refusing to give certain instructions. It is charged in the second paragraph of the answer that the plaintiff had converted to his own use eight tons of hay and certain wheat, which belonged to the defendant, of the value of one hundred and twenty-one dollars, and a set-off was claimed therefor.

We are informed by the bill of exceptions, "that there having been evidence given to the jury tending to prove that the plaintiff, being in possession of hay of the defendant, had converted the same to his own use, without the consent or knowledge of the defendant, and also tending to prove the value of the hay so converted, and the defendant having at the proper time asked the court to give the following special instruction, namely: number one, 'If the preponderance of the evidence in this case shows that the plaintiff took hay or wheat belonging to the defendant and used the same for his own benefit, you should allow the defendant a set-off for the value thereof,' the court refused to give the same, but on that point instructed the jury as follows: 'If you find from the evidence that Wert, the tenant, converted to his own use, and failed to deliver to Bissell any wheat or hay or other part of the crops mentioned in defendant's bill of set-off, that justly belonged to him, the defendant, he, the defendant, is

entitled to recover the value of any such property so converted by the plaintiff. But in order to warrant you in finding such a conversion clandestinely made, with the intent on the part of the plaintiff that it should be without the knowledge of the defendant and thereby to deprive the defendant of the value thereof, the evidence must amount to more than a preponderance, for the reason that such a conversion, although not technically a larceny, because of the possession being in the plaintiff, yet it would involve the moral turpitude of the crime of larceny, and in order to find this crime in a civil case, the same rule applies as is applied to the state in a criminal prosecution; that is, the evidence must satisfy you of the truth of the charge beyond a reasonable doubt; that is, it must produce in your minds that conviction of the truth of the fact as you would as reasonable and prudent men be willing to rest upon in the transaction of your own important affairs;' to the giving of which the defendant at the time excepted, and asked the court to charge the jury, that under the pleadings and issues made in this case, there is involved no charge of moral or criminal turpitude, such as to require more than a fair preponderance of the evidence; which the court refused to do, saying to the jury that if the evidence raised an implication of such moral or criminal turpitude in the taking or conversion of wheat or hay, then the taking or conversion must be proved beyond a reasonable doubt, in order to entitle defendant to relief."

Proper exceptions were taken by the appellant to the instructions given and those refused.

It is earnestly maintained by the appellee that the instructions given are correct, and that those refused were incorrect, and in support of these positions the following authorities are referred to : *Byrket* v. *Monohon,* 7 Blackf. 83 ; *Lanter* v. *M'Ewen,* 8 Blackf. 495 ; *Woodbeck* v. *Keller,* 6 Cow. 118; *Clark* v. *Dibble,* 16 Wend. 601; *Wonderly* v. *Nokes,* 8 Blackf. 589; *Gants* v. *Vinard,* 1 Ind. 476; *Swails* v. *Butcher,* 2 Ind. 84; *Strader* v. *Mullane,* 17 Ohio St. 624; and 1 Greenl. Ev. sec. 65.

All the cases above referred to, except *Wonderly* v. *Nokes*, 8 Blackf. 589, and *Strader* v. *Mullane*, 17 Ohio St. 624, were actions for slander, for words charging the plaintiff with having been guilty of perjury, and in each of the cases the defendant justified on the ground that the plaintiff had committed willful and corrupt perjury. In *Wonderly* v. *Nokes, supra*, the action was for slander, for words charging the plaintiff with having been guilty of larceny, to which the defendant pleaded in justification, charging that the plaintiff had been guilty of the crime of larceny.

The section referred to in Greenleaf's Evidence has no application to this question, as that discusses the degree of certainty required in criminal and civil cases.

It is true, as a general rule, that a preponderance of evidence in civil cases is sufficient, but the proof in all cases must conform to the specific allegations upon the record. There seems to be little, if any, difference between the evidence required in proof of a specific charge alleged in the course of a civil proceeding and the evidence which would be essential to support an indictment for the same charge. Therefore, in an action of slander for charging the plaintiff with having been guilty of a crime, the defendant, to sustain a plea of justification, must give as conclusive proof as would be necessary to convict the plaintiff of the crime charged on an indictment. But to bring a case within this rule, it is necessary that there should be a specific charge of a crime. A crime that it is charged by implication will not bring the case within the exceptions to the general rule. Nor will it be sufficient that the facts charged involve the party in the moral turpitude of a crime.

The case of *Strader* v. *Mullane*, 17 Ohio St. 624, fully supports the above proposition. The court say, "The action was upon an account for 'middlings' (horse feed) sold and delivered. It was set up as ground of defense, and also in support of a counter claim to recoup for payments previously made for middlings, that the plaintiffs below had fraudulently given short weight, or fraudulently

charged for more middlings than had been delivered. The case was tried by a jury, and, upon the trial, evidence was given tending to show the alleged fraud, as to the middlings for the price of which the suit was brought. After the evidence had closed, the counsel of defendants (plaintiffs in error) asked the court to charge the jury, that if they found there had been a fraudulent and false weighing, or overcharging of the middlings, the price of which was sued for, they might then look to the alleged frauds as to the middlings previously paid for, and allow a reclamation to the extent of the fraud. This request the court refused, but gave substantially the instruction asked, with the qualification that fraud must be proven beyond all reasonable doubt, either by positive testimony, or by circumstances so strong as to exclude other conclusions. The only question argued in the case is, whether the court erred in this refusal and instruction; in other words, whether a charge of fraud, in a civil action, like a charge or crime, must be proved by evidence excluding all reasonable doubt. We answer the general question in the negative. Where the fraud charged is a criminal offense, we have no doubt the rule laid down by the court should apply. It seems to be established law that in civil as well as in criminal cases, a party cannot be found guilty of a crime, unless upon proof which excludes all reasonable doubt. This is the holding of the court in *Lexington Ins. Co.* v. *Paver*, 16 Ohio, 324. The court in that case sustained a similar charge made by the court below, upon the express ground that the fraud charged, and attempted to be proven, was a criminal act. Such is not the case here. I know the counsel argue that the charge to which the instruction applied in this case was that of obtaining money by false pretenses. But it was not so. The instruction of the court was general, applying as well to the alleged fraud in weighing or overcharging the middlings sued for, as those paid for before. Besides, the fraudulent obtaining of the money, which is the gist of the offense referred to, was not directly charged or put in issue,

but was merely inferential. It is not in every case where the necessary inference of crime follows the finding of an issue against a party, that it can be said the commission of the crime was put in issue. The perjury of a party might be said to be in issue in all cases where he is a witness in the cause. If you plead *non est factum* to an action brought upon your bond, you do not thereby charge the plaintiff with forgery, nor if you plead payment of it, do you thereby charge him with fraudulently trying to extort the money from you a second time."

Applying the principles of law so well stated in the above case to the one under consideration, it necessarily results, that the instructions given were incorrect, and that the court should have given the instructions asked by the appellant. In this case there was no direct and specific charge of any crime. In fact, there could have been no inference or presumption of crime. The court charged the jury that there had been no larceny committed, for the reason that the property alleged to have been converted was, at the time of such conversion, in the lawful possession of the plaintiff below. A conversion of property under such circumstances could amount to no more than a breach of trust. The court erred in the giving of the instructions complained of, and in refusing the instructions asked. The appellant was entitled to a new trial. It has been very strongly urged upon us by the appellee, that, conceding that the court had erred in the giving of instuctions, the case should not be reversed, for the reason that the verdict of the jury was fully sustained by the evidence. This case is brought here on reserved questions under section 347 of our code, 2 G. & H. 210. The evidence is not in the record, and we are not authorized to say that the giving of an erroneous instruction, which excluded from the consideration of the jury, in effect, the principal ground of defense, resulted in no injury to the appellant. The appellee has also pressed upon our consideration several technical objections to the manner in which the questions are presented in the record, but in view

of the importance of the questions involved, we have preferred to decide the case upon the merits.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*W. A. Woods*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.