JOHN Q. A. ELLIS *vs.* JONATHAN BUZZELL.

*Slander—actions for—measure of evidence to support justification.*

In an action of slander for charging one with adultery, a preponderance of testimony will support a plea of justification.

ON EXCEPTIONS.

CASE for slander, charging that the defendant accused the plaintiff with the crime of adultery.

Plea, general issue, with justification.

The defendant testified that he saw the plaintiff in the act of adultery with a certain woman. This the plaintiff denied by his own testimony, and introduced the deposition of the *particeps criminis*, which also denied the charge.

The plaintiff requested the presiding judge to instruct the jury that the truth of the statements of the defendant concerning the plaintiff's alleged act of adultery must be made out beyond a reasonable doubt, the same as in the trial of an indictment for adultery, in order to constitute a defense. This the court refused to do. But did instruct the jury that if the defendant made out by a preponderance of testimony, as in ordinary civil suits, that the words spoken by the defendant, concerning the alleged act of adultery by plaintiff, were true, that they should find for defendant,

and that the truth of the statements of the defendant concerning the alleged act of adultery by the plaintiff being proved, would be a complete justification of the defendant for uttering the same.

The verdict was for the defendant, and the plaintiff alleged exceptions.

*Lebroke & Pratt*, for the plaintiff.

In civil cases where a criminal act is so set out in the pleadings as to raise that distinct issue before the jury, the crime charged must be proved beyond a reasonable doubt before the plaintiff is entitled to a verdict; but where no such issue is raised by the pleadings, the jury may decide upon the preponderance of evidence. 2 Greenl. on Ev., § 408; *Thayer* v. *Boyle*, 30 Maine, 475; *Sinclair* v. *Jackson*, 47 Maine, 102.

*Knowles* v. *Scribner*, 57 Maine, 495, being a bastardy process, does not conflict with this rule.

Same evidence is required to support a plea of justification in slander where crime is imputed. 2 Greenl. on Ev. § 426.

Counsel also cited. *Mitchell* v. *Borden*, 8 Wend. 570; *Woodbeek* v. *Keller*, 6 Cowp. 118; *Clark* v. *Debble*, 16 Wend. 601; *Hopkins* v. *Smith*, 3 Barb. 599; *Steinman* v. *McWilliams*, 6 Barr, 170; *Grimes* v. *Coyle*, 6 B. Monr. 301; *Wonderly* v. *Nokes*, 8 Blackf. 589; *Gorman* v. *Sutton*, 32 Penn. St. 273; *Forshee* v. *Abrams*, 2 Clarke, 571; *Newbit* v. *Statuck*, 35 Maine, 315.

*J. A. Peters & F. A. Wilson*, for the defendant.

BARROWS, J. The plaintiff claims to recover damages of the defendant, because, he says, the defendant falsely charged him with the commission of the crime of adultery.

The defendant says the plaintiff ought not to recover damages, because the accusation was not false, but true, and he testifies that he saw the plaintiff in the act of adultery with a certain woman. The plaintiff denies this in his testimony, and produces the deposition of the woman, who denies it also. Hereupon he requests the judge to instruct the jury that the defendant, in order to maintain

Ellis *v.* Buzzell.

the defense, must prove the act of adultery upon him beyond a reasonable doubt, the same as if he was on trial for the·commission of the crime.

The judge refused so to instruct, and, on the contrary, instructed the jury that if the defendant had made out the truth of the charge against the plaintiff by a preponderance of testimony, it was sufficient to entitle him to a verdict; and that proof of the truth of the statements made by the defendant would be a complete justification for uttering them.

In suits to recover damages for what is alleged to have been slander, the truth of the charges made by the defendant against the plaintiff has always been deemed a sufficient justification, even though they were maliciously made. We see this in the form and tenor of the plea in justification which simply asserts the truth of the words spoken. Went. Pl., vol. 3, p. 236; Chit. Pl., vol. 3, p. 525; *Foss* v. *Hildreth*, 10 Allen, 76.

Unless the charge made by the defendant against the plaintiff was false, as well as malicious, the plaintiff has no right to recover damages from him. The falsehood of the charge is a necessary element in the plaintiff's case. He cannot complain of any one for speaking of him nothing but the truth.

The burden, however, of proving that what he has said is true, rests rightfully enough upon the defendant, not only because he holds the affirmative according to the pleadings, but because of the presumption of innocence. This presumption, as well as whatever testimony the plaintiff may offer to repel the charge, the defendant must be prepared to overcome by evidence.

But when he has done this by that measure and quantity of evidence which is ordinarily held sufficient to entitle a party upon whom the burden of proof rests, to a verdict in his favor in a civil case, shall he be required to go further, and in order to save himself from being mulcted in damages for the benefit of the plaintiff, free the minds of the jury from every reasonable doubt of the plaintiff's guilt, as the State must in the trial of a criminal prosecution?

We see no good reason for thus confounding the distinction

which is made by the  best text-writers on evidence, between  civil
and criminal cases with  regard to the  degree of  assurance which
must be given to the  jury as the basis of a verdict.   Greenl. on
Ev. vol. 3, § 29 ; Roscoe's Crim. Ev. p. 15 ; Best on Presump-
tions, § 190 ; Starkie on Ev., 1st Am. ed., Part 3, § 52, vol. 2, pp.
450, 451.

It is true, that this distinction has heretofore been carried into
civil cases and applied to  suits in which it incidentally became
necessary to determine, in order to settle the issue  which the par-
ties were  litigating, whether one of  the parties had committed an
offense  against the criminal law.   Hence  have  arisen in these ac-
tions for defamation among  others, a series of  decisions which, if
juries had acted according to their tenor, would have been produc-
tive not unfrequently of very unjust results.

Practically we  do  not consider the form of  expression used in
the instructions to  juries in cases of this description as very likely
to change the result.   We do not believe, if the jury in the pres-
ent case found  themselves inclined to believe upon the whole evi-
dence that the plaintiff was verily guilty, as the defendant had said,
that they would have proceeded to assess damages in his favor, be-
cause he might have  started a reasonable doubt in their  minds
whether he ought to be convicted of  the crime and sent to the
State prison, upon that evidence, even had they been so instructed.
The  practical effect of such an instruction would probably have
been to eliminate the doubt from  the minds of  the jury, not to
change the result at which they arrived.

But we think it best to recognize what has been justly said to be
' well understood, that a jury will not require so strong proof to
maintain a civil action as to convict of a crime ;' and to draw the
line between the cases where full proof beyond a reasonable doubt
shall be required, and those where a less degree of assurance may
serve as the basis of a verdict, where  the juror instinctively places
it, making it to depend rather upon the results which are to follow
the decision, than upon a philosophical analysis of the character of
the issue.   We must remember, as remarked by Roscoe, *ubi supra*,

that 'in civil cases it is always necessary for a jury to decide the question at issue between the parties; . . . however much, therefore, they may be perplexed, they cannot escape from giving a verdict founded upon one view or the other of the conflicting facts before them; presumptions, therefore, are necessarily made upon comparatively weak grounds. But in criminal cases there is always a result open to the jury which is practically looked upon as merely negative, namely, that which declares the accused to be not guilty.'

This is often substantially deemed equivalent only to 'not proven,' and in cases of doubt it is to this view that juries are taught to lean.

A greater degree of caution in coming to a conclusion should be practiced to guard life or liberty against the consequences of a mistake always painful, and possibly irreparable, than is necessary in civil cases, where, as above remarked, the issue must be settled in accordance with one view or the other, and the verdict is followed with positive results to one party or the other, but not of so serious a nature. In England there was a reason for carrying the distinction thus made between civil and criminal cases, into suits of this description,—which never existed here,—because there, as Lord Kenyon remarked in *Cook* v. *Field*, 3 Esp. 133, 'where a defendant justifies words which amount to a charge of felony, and proves his justification, the plaintiff may be put upon his trial by that verdict without the intervention of a grand jury;' and so penal consequences might in some sort be said to follow the verdict in a civil cause. See note (*a*) to *Willmet* v. *Harmer*, 8 Car. & P. 695, in E. C. L. R., vol. 34, p. 590, and the cases there cited.

Considering the universal presumption in favor of innocence, and the fact that whether it is presented directly, on the criminal side, or arises incidentally on the civil side, it is still the same question—guilty or not guilty—which is to be determined, it is not at all strange that those English decisions should have been followed in this country, though the reasons that operated there were wanting.

But we think it time to limit the application of a rule which was originally adopted *in favorem vitæ* in the days of a sanguinary penal

code, to cases arising on the criminal docket, and no longer to suffer it to obstruct or encumber the action of juries in civil suits sounding only in damages. Nor in so doing do we deprive the plaintiff in an action of this sort of any substantial right. It is doubtless incumbent upon the defendant to 'make out' (as the phrase was in the ruling here complained of), *i. e.* to satisfy the minds of the jury by a preponderance of evidence of the strict truth of the words he uttered. And the plaintiff is entitled to the full benefit of the presumption of innocence; for as was justly suggested by Walton, J., in *Knowles* v. *Scribner*, 57 Maine, 497 (where we held the complainant in a bastardy process against a married man not bound to furnish the same amount of proof of the defendant's guilt, as would be necessary to convict him if he were on trial for adultery, in order to entitle herself to a verdict and contribution from the father of her bastard child), 'it is more accurate to say that there is no preponderance unless the evidence is sufficient to overcome the opposing presumptions as well as the opposing evidence.'

If the words said to be slanderous impute to the plaintiff the commission of a crime, the defendant must fasten upon the plaintiff all the elements of the crime, both in act and intent, and to do this he must furnish evidence enough to overcome, in the minds of the jury, the natural presumption of innocence, as well as the opposing testimony. But to go further, and say that this shall be done by such a degree and quantity of proof as shall suffice to remove from their minds every reasonable doubt that might be suggested, is to import into the trial of civil causes between party and party a rule which is appropriate only in the trial of an issue between the State and a person charged with crime and exposed to penal consequences if the verdict is against him.

The doctrine contended for by the plaintiff did not prevail in the courts of New Hampshire or North Carolina. *Matthews* v. *Huntley*, 9 N. H. 150, per Parker, C. J.; *Folsom* v. *Brown*, 5 Foster, 122; *Kincade* v. *Bradshaw*, 3 Hawks., 63.,

It is worthy of remark, that, with a very few unimportant exceptions, the cases in which it has been held, that to sustain a plea of

justification the defendant in an action of slander must adduce such proof as would suffice for the conviction of the plaintiff upon an indictment, have been cases in which the words used imputed perjury to the plaintiff, and in most of them, the matter more directly under consideration, has been the propriety of regarding the plaintiff's testimony upon the occasion referred to, as evidence in the case, to be overcome by the production of more than one witness to prove its falsity,—the necessity of showing that his testimony was false in intent as well as in fact,—its materiality or some point affecting the truth of the charge, and not the necessity of proving the commission of the crime beyond a reasonable doubt.

We have no occasion to question those decisions so far as they enforce the necessity of proving all the elements necessary to constitute the crime charged by an amount of evidence sufficient to overbalance the plaintiff's side of the case.

It may be, and probably is true, that the compendious phrase, ' sufficient to convict the plaintiff upon an indictment,' has had reference more frequently to the matters which it was necessary to establish, than to the degree of assurance upon which the jury should act.

In our own case of *Newbit* v. *Statuck*, 35 Maine, 318, the consideration of the precise question here raised was studiously and expressly avoided. *Exceptions overruled.*

APPLETON, C. J.; CUTTING, KENT, and WALTON, JJ., concurred.