## Case No. 773.

### BAKER v. KANSAS CITY TIMES CO.

[18 Amer. Law Reg. (N. S.) 101.]

Circuit Court, W. D. Missouri. 1879.

LIBEL—CHARGING MURDER—JUSTIFICATION.

[1. A party under reasonable apprehension of danger of life or great bodily harm has a right in self-defence to take the life of the aggressor, but he must have had no agency in bringing about the danger upon which he relies to justify the taking of life.]

[See note at end of case.]

[2. Where the deceased had published in his newspapers articles reflecting on the person accused of having committed the murder, and the latter, seeing the deceased on the street, crossed it, and addressed him, when the fatal quarrel took place, the jury must, in determining whether the accused person was guilty of murder, and in considering the intent of the accused in crossing the street and addressing the deceased, take into consideration the existing feeling and apprehension of the parties; and if they find that the accused calculated thereon to bring about a personal difficulty, he being prepared, and intending to make use of it if it occurred, the killing is not justified as self-defence, and is murder.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[3. In an action for the publication of a libel charging plaintiff with being an accessory to a murder, an answer pleading the truth of the charge in justification, which charges the plaintiff with encouraging, countenancing, and supporting the person who did the killing, will be construed as pleading a legal justification, viz. the advising or commanding to kill.]

[See note at end of case.]

[4. In such action, the jury must, on a plea of the truth of the libel, consider the plaintiff as innocent of the crime until his guilt is established by evidence sufficient to produce an abiding conviction of his guilt.]

[See note at end of case.]

At law. This was an action for libel. [By F. P. Baker against the Kansas City Times Company.] Plea justification. The facts sufficiently appear in the charge.

M. J. Leaming, A. B. Jetmore, and H. B. Johnson, for plaintiff.

John K. Cravens and John W. Wofford, for defendant.

KREKEL, District Judge, charged the jury as follows: During the year 1877, there were published in Topeka, in the state of Kansas, two newspapers, one called the Commonwealth, owned and controlled by Floyd P. Baker, the plaintiff in this suit, the other called the Blade, controlled by J. Clark Swayze. During the same year, 1877, two other newspapers were published, one in Leavenworth, in the state of Kansas, known as the Leavenworth Times, the other in Kansas City, in the state of Missouri, known as the Kansas City Times, published by the defendant in this suit. The paper issued by this corporation is under the management and control of Morrison Mumford, who has testified in the case. In the Sunday's issue of the Kansas City Times, of April 1st, 1877, a communication appeared, dated Topeka, Kansas, March 29th, 1877, signed M. C. M., in which reference is made to Baker, plaintiff in this action, as follows: "The cloud of sorrow, caused by the felonious killing of J. Clark Swayze, has not yet passed away in this city; on the contrary, it thickens every hour, and the funeral of Mr. Swayze to-day, places a condemnation upon the villainous part which F. P. Baker took in the sacrifice of his life, seldom visited upon the acts of any man. * * * It was undoubtedly the object of those who conspired against the life of Mr. Swayze—Baker in particular—to murder the Blade by killing its editor; but in this they have signally failed, as the numerous assurances on part of the business men of Topeka, that the paper should have their undivided support, will show. I am reliably informed that ten new names were handed into the office last evening as subscribers to the Blade, all of whom had previously taken the murderer's organ." Of these two extracts, taken from and a part of the correspondence, Baker, the plaintiff, complains and brings his action against the Kansas City Times for damages.

To this complaint the defendant, the Kansas City Times, answers by setting up, first, the fact and circumstances under which the publication was made; next, a justification, alleging, "that said letter is true, for that the said F. P. Baker did, on the 28th day of March, 1877, and for some considerable time prior thereto, encourage and countenance the said John W. Wilson, in hostile acts toward the said Swayze, and in assaults upon the said Swayze, by the said Wilson, and so encouraged and supported by plaintiff said Wilson, did, on the 28th day of March, 1877, kill the said Swayze."

It becomes unnecessary to examine whether these pleas are technically and formally correct, for they have been replied to and treated as substantially sufficient. As this plea of justification disposes of the case in favor of the defendant, if found to be true, it is proper that it should be taken up first.

You will have to ascertain, in the first place, whether the correspondence charges that Swayze was murdered—that is, killed by Wilson, deliberately and with malice aforethought, for it would not be murder if Wilson had killed Swayze in self-defence. Should you come to the conclusion that the correspondence does charge that Wilson murdered Swayze, it will become your duty, in the second place to ascertain whether the charge is true. The defendant, the Kansas City Times, makes this allegation and is bound to prove it to your entire satisfaction. Now, for the purpose of ascertaining whether Wilson murdered Swayze, or acted in self-defence when he killed him, you will bring before your mind all the facts and circumstances testified to, existing prior to the killing, in order to arrive at the motives and intent with which Wilson went across the street and sought Swayze, as well as to ascertain the motives of Swayze in acting as he did. Wilson had a right to cross the street and remonstrate with Swayze against the publications in the Blade, and if that was the sole purpose with which he addressed Swayze, Wilson was in the right. But in trying to arrive at the intent of Wilson crossing the street and addressing Swayze, it will be proper for you to take into consideration the existing feeling and apprehensions of the parties, and if you shall find that Wilson calculated thereon as probably bringing about a personal difficulty—seeking rather than avoiding such—he, Wilson, being prepared, and intending, if such difficulty occurred, to make use of it for the purpose of killing Swayze, in such a case, Wilson cannot be said to have acted in self-defence, and the killing of Swayze would be murder. A party under reasonable apprehension of danger of life or great bodily harm, has a right in self-defence to take the life of the aggressor, but he must have had no agency in bringing about the danger upon which he relies to justify the taking of life. Should you, after a careful examination and consideration of the facts

and circumstances testified to and connected with the case, come to the conclusion that Wilson, when he killed Swayze, acted in self-defence, then the defendant fails in making out his plea of justification, and you should find that issue for plaintiff. But if you shall find that Wilson did not act in self-defence in the killing of Swayze, then it becomes necessary for you to consider whether in the language of the plea of justification the plaintiff, Baker, encouraged, countenanced and supported Wilson in the murder of Swayze, so as to make him, Baker, accessory thereto.

In law, one becomes an accessory who is guilty of an act of felony, not by committing the offence in person, or as principal, but by advising or commanding another to commit the crime. You are therefore to determine from the testimony in the case whether Baker advised or commanded the murder of Swayze. The part of the answer setting up justification charges Baker with encouraging, countenancing, and supporting Wilson, terms of no well-defined legal signification when applied to a case such as the one before the court. I construe them to mean a legal justification, namely, the advising or commanding Wilson to murder Swayze. In trying to arrive at a conclusion as to whether Baker advised or commanded Wilson to murder Swayze, Baker is to be treated and considered by you as innocent of the crime of being accessory to the murder of Swayze by Wilson. The guilt of Baker must be shown by the defendant to your entire satisfaction, by which I here and elsewhere mean that the evidence in the case must produce an abiding conviction in your mind of the guilt of Baker. You should with care go over all the testimony in the case, and if you find expressions used or acts done by plaintiff, Baker, fairly admitting of two meanings, you are authorized to apply the meaning leading to innocence rather than guilt. In passing from this plea of justification I sum up as follows: First, ascertain from the correspondence complained of whether it intends to charge that Wilson murdered Swayze, and that Baker was accessory to the murder, and if you find that this is the case, you will next find whether Wilson did murder Swayze, or did the killing in self-defence. If you find that Wilson acted in self-defence, that ends the plea of justification, for there could be no murder when the killing was done in self-defence.

If you shall find that Wilson did not kill Swayze in self-defence, but committed a murder, you will next find whether Baker was accessory thereto, by advising or commanding the same. If you shall find that Baker was not accessory to the murder, such finding will end the plea of justification in favor of plaintiff. If you shall find that Wilson murdered Swayze, and you shall further find that Baker was accessory to the murder of Swayze, such finding establishes the plea of justification, ends the case, and you should find for defendant.

Turning from the plea of justification to the plea in mitigation pleaded by the defendant, I proceed to present the law regarding it, so that you may have the whole case before you. The law, proceeding upon the presumption of innocence, assumes when a crime is charged upon any one that he is innocent thereof, and presumes the charge to have been maliciously made. The author or publisher is permitted, as already explained, to show that the charge made is really true, and that the person charged is or has been guilty of the crime imputed to him. Upon sustaining the charge, the one making it is acquitted and stands justified, that is if he sustain his plea of justification. But if he fails to sustain his plea of justification, the author or publisher may show, in mitigation of damages, anything tending to establish that he acted without malice and bad intent, but from proper motives.

In cases such as the one under consideration the law will not allow the author or publisher to go free if he fails to establish his plea of justification, though he satisfy you of the purity of his motives and the greatest prudence and care in making the publication. The law requires a publisher not only to be satisfied of the truth of the charges he publishes, but he must also be able to establish them to the satisfaction of a jury, in case he is sued. If the plea of justification pleaded in this case has not been made out by the defendant, it will then be necessary for you to examine into the mitigating circumstances in evidence, so as to enable you to determine the good faith, prudence and caution exercised by the defendant in making the publication, as upon this, in a large measure, must depend the amount of damages which you may assess against the defendant. You will call to mind the undisputed fact that the correspondent, Morris, was not connected with the Kansas City Times, and determine whether more or less care should be required at their hands when receiving a correspondence from a stranger. The manner in which the correspondence was received, the gravity of the charge and the action of the conductor of the Times, in refusing or neglecting to retract the charges made in the communication, when his attention was called to it by the plaintiff, are proper for your consideration, as is also the duty which the conductor of a newspaper such as the Times owes to the public, as well as the legal obligation which he is under to the plaintiff. You are to guard, on the one hand, the right of plaintiff, and on the other the freedom of the press, which is measurably involved in cases of this kind. There is no claim for special damages made by plaintiff, and none has been proven. While it is your duty, in case the plea of justification has not been made out, to find damages against this defendant, the amount thereof is left to your discretion, which you will exercise with due regard to the parties.

[NOTE.

[DEGREE OF PROOF REQUIRED IN CIVIL ACTIONS WHERE THE COMMISSION OF A CRIMINAL OFFENSE IS IN ISSUE.

[In the note to this case, published in 18 Amer. Law Reg. (N. S.) at page 108, the annotator, after setting forth the instruction, states that the court "declined to instruct that the offense charged must be proved beyond a reasonable doubt, or with the certainty required to sustain an indictment;" but it has since been held that the direction that the evidence must be such as to produce in the minds of the jury an abiding conviction as to plaintiff's guilt as to the crime charged is in effect a direction that the proof must be beyond a reasonable doubt. Battles v. Tallman, (Ala.) 11 South. 247; Griffith v. State, 90 Ala. 588, 8 South. 812; Hopt v. Utah, 120 U. S. 430, 7 Sup. Ct. 618.

[There has been much discussion of the early rule as to the degree of proof required, not only in cases of libel and slander where a charge of crime is sought to be justified, but generally as to the degree of proof in other civil actions where the fact of a crime is in issue,—as on fire insurance policies where the defense relies on proof that the insured caused the loss, quasi criminal actions to recover penalties, actions to recover for selling liquor to minors in violation of state statutes, and the like; and in consequence thereof the rule, as originally laid down, has been the subject of much change and modification.

[The rule was originally established and laid down in Thurtell v. Beaumont, 1 Bing. 339, 8 E. C. L. 538, and in Chalmers v. Shackell, 6 Car. & P. 475, and is to the effect that in civil actions to recover damages for a criminal act, or where the defense seeks to prove a criminal offense, to defeat the action the same degree of proof will be required as would be necessary to convict upon an indictment for the crime; is still recognized in a number of the states, although unsupported in the English courts, except in cases of libel and slander, (Kane v. Hibernia Ins. Co., 39 N. J. Law, 704;) followed in other states with evident reluctance, and expressly repudiated in the majority. This rule, as is said in Continental Ins. Co. v. Jachnichen, 110 Ind. 59, 10 N. E. 637, "has its foundation in the tender regard in which the law holds the life and liberty of the subject. It had its origin, and was molded into form and consistency, when the Penal Code of England visited upon offenses of a comparatively trivial character the most harsh and cruel punishment. To mitigate the rigor of a code sometimes administered with severity, humane judges ingrafted upon the common law the rule that no one should be convicted of a crime which affected life or liberty until his guilt was established with such a degree of certainty as to exclude every reasonable doubt. Having grown up out of the humanity of the law, the rule is very properly retained in criminal cases, even after the reasons for it have in a good measure ceased to exist. The consequences of a mistake where life and liberty are involved are so overwhelming and irreparable that the integrity of the rule which requires a greater degree of certainty and caution in such a case, before coming to a conclusion, than in a case which affects property merely, should be steadily maintained and intelligently applied. This can only be done by limiting it to the class of cases which called it into being. To extend it is to render it obscure, and dissipate its benign effect in the cases where its benefits should be fully realized. In some exceptional cases the doctrine that, where a criminal act is charged in a civil action, the crime imputed must be established beyond a reasonable doubt, has gained recognition; notably in cases of libel and slander, when the defendant undertook to justify the uttering or publishing of that which amounted to a felony, and in cases where the action involved the burning of property under circumstances which amounted to arson. The rule was first extended to cases of libel and slander in England. The reason for the extension of the rule there was that if, upon the trial of a plea of justification of a charge which imputed a felony, the defendant proved the plea, the plaintiff was subject to be put upon trial for the felony proved, without the intervention of a grand jury. The verdict in such a case was equivalent to an indictment of the plaintiff. No such reason ever existed in this country for the application of the rule, and it may therefore be said it has been applied without any adequate reason." See, also, Ellis v. Buzzell, 60 Me. 209; Fowler v. Wallace, 131 Ind. 347, 31 N. E. 56.

[In Alabama, a mere preponderance of proof is sufficient in civil actions where the fact of the commission of a crime is put in issue. Adams v. Thornton, 78 Ala. 489, overruling Steele v. Kinkle, 3 Ala. 352; Tompkins v. Nichols, 53 Ala. 197. In California, proof beyond a reasonable doubt is required. Merk v. Gelzhaeuser, 50 Cal. 631. In Connecticut, in an action to recover treble damages, given by statute, for property feloniously taken, the court held that neither the fact that the issue involved the felonious taking, nor the fact that the action was for treble damages, altered the rule as to the degree of proof in civil cases. Munson v. Atwood, 30 Conn. 102. Hinman, J., concurring, denied that there was any distinction in law between civil and criminal cases as to the amount of evidence which ought to be required by a court or jury in order to find a fact; that the evidence must be such as to satisfy the mind of the truth of a fact; and that, when the mind was thus satisfied, there could be, of course, no reasonable doubt. See, also, Mead v. Husted, 52 Conn. 53. In Delaware, a mere preponderance of proof is necessary. State v. Gouldsborough, 1 Houst. Crim. Cas. 316. But otherwise in Florida. Schultz v. Pacific Ins. Co., 14 Fla. 73; Williams v. Dickenson, 28 Fla. 90, 9 South. 847. In the latter case the supreme court followed Schultz v. Pacific Ins. Co. with evident reluctance, and intimated that, if the question had been presented as an original proposition, it would have enunciated a contrary doctrine. In Georgia, preponderance of proof is sufficient. Schnell v. Toomer, 56 Ga. 168. In Illinois, proof of such an issue must be beyond a reasonable doubt. Germania Fire Ins. Co. v. Klewer, 129 Ill. 599, 22 N. E. 489; Sprague v. Dodge, 48 Ill. 142; McConnel v. Delaware M. S. Ins. Co., 18 Ill. 228; Webster v. People, 14 Ill. 365. But see Howell v. Hartford Fire Ins. Co., (U. S. Cir. Ct. N. D. Ill.) Case No. 6,780. A wife in a suit under the civil damage act is not required to make out her case beyond a reasonable doubt, but only by a preponderance of the evidence. Robinson v. Randall, 82 Ill. 521. And so in an action brought under the dram-shop act to recover damages for selling liquors to a minor. Proctor v. People, 24 Ill. App. 599. In Indiana, the rule requiring proof beyond a reasonable doubt still exists. Byrket v. Monohon, 7 Blackf. 83; Lanter v. McEwen, 8 Blackf. 495; Gants v. Vinard, 1 Ind. 476; Swails v. Butcher, 2 Ind. 84; Wonderly v. Nokes, 8 Blackf. 589; Landis v. Shanklin, 1 Ind. 92; Shoulty v. Miller, Id. 544. Tull v. David, 27 Ind. 377; Bissell v. Wert, 35 Ind. 60; Tucker v. Call, 45 Ind. 31; Wilson v. Barnett, Id. 163; Hutts v. Hutts, 62 Ind. 214. To bring the case within the rule, there must be a specific charge of the crime, and not a charge by implication. Bissell v. Wert, 35 Ind. 60. Nor will it be sufficient that the facts charged involve the party in the moral turpitude of a crime. Id. Also, see Reynolds v. State, 117 Ind. 421, 17 N. E. 909. In Continental Ins. Co. v. Jachnichen, 110 Ind. 59, 10 N. E. 636, it is said that a civil action is subject to the rules of evidence belonging to actions of that class, without regard to the fact that the mat-

ter in issue may involve the commission of a crime. In Hale v. Matthews, 118 Ind. 531, 21 N. E. 43, the rule is recognized as applying to cases of libel and slander only, and as not extending to other civil actions. And in a very late case (Fowler v. Wallace, 131 Ind. 347, 31 N. E. 53) the majority of the supreme court, while adhering to the rule, say: "We are satisfied that the rule grew out of a misconception of principle, and we should be glad to escape from it; and, if we were not compelled by duty, we should decline to give it our adherence." The rule in this state never had application in bastardy proceedings. State v. Evans, 19 Ind. 92; Byers v. State, 20 Ind. 47; State v. Brown, 44 Ind. 329; Glenn v. State, 46 Ind. 368. In Iowa, the rule of the English cases cited prevailed for a considerable time, see Ellis v. Lindley, 38 Iowa, 461; Woodward v. Squires, 39 Iowa, 435; and Barton v. Thompson, 46 Iowa, 30; Mott v. Dawson, 46 Iowa, 533; but now a mere preponderance of proof is sufficient, Barton v. Thompson, 56 Iowa, 571, 9 N. W. 899; Welch v. Jugenheimer, 56 Iowa, 11, 8 N. W. 673; Behrens v. Germania Ins. Co., 58 Iowa, 26, 11 N. W. 719; Kendig v. Overhulser, 58 Iowa, 195, 12 N. W. 264; Coit v. Churchill, 61 Iowa, 296, 16 N. W. 147; and Riley v. Norton, 65 Iowa, 306, 21 N. W. 649, overruling Forshee v. Abrams, 2 Iowa, 571; Fountain v. West, 23 Iowa, 9; Ellis v. Buzzell, supra. Likewise in Kentucky. Aetna Ins. Co. v. Johnson, 11 Bush. 587. In Louisiana, a preponderance only is required. Hoffman v. Western M. & F. Ins. Co., 1 La. Ann. 216; Wightman v. Insurance Co., 8 Rob. 442. In Maine, in the leading case, (Ellis v. Buzzell, 60 Me. 209,) the court says: "We think it time to limit the application of a rule which was originally adopted in favorem vitae, in the days of a sanguinary penal code, to cases arising on the criminal docket, and no longer to suffer it to obstruct or incumber the action of juries in civil suits sounding only in damages." See, also, Knowles v. Scribner, 57 Me. 495; Decker v. Somerset Ins. Co., 66 Me. 406. Prior to Ellis v. Buzzell, the contrary doctrine had prevailed. See Thayer v. Boyle, 30 Me. 475; Butman v. Hobbs, 35 Me. 228. The rule requiring a preponderance of proof only is in force in Maryland. See McBee v. Fulton, 47 Md. 429, in which it is said that the rule requiring proof beyond a reasonable doubt in civil cases is appropriate only to the trial of issues between the state and a person charged with crime, and exposed to penal consequences if the verdict is against him. In Massachusetts, the court, in a case before it after the passage of the new practice act, said: "If there be any class of civil cases in which the instruction usually given in criminal cases might be required, it would be that class where the defendant has in a special plea fully and directly charged upon the plaintiff a crime, and where the same evidence must be adduced to support the plea as would be required upon an indictment for the like offense. But this principle would not apply to an action on contract where no special plea is required, as in the present system of pleading." Schmidt v. New York Union Mut. F. Ins. Co., 1 Gray, 529. And the court, in a later case, holding an instruction in a civil case requiring proof beyond a reasonable doubt to be erroneous, said: "It is better that the rule be uniform in all cases, leaving the instruction that the jury must be satisfied of the guilt of a party beyond a reasonable doubt to apply solely to criminal cases. Gordon v. Parmelee, 15 Gray, 413. In Michigan, in the case of Elliott v. Van Buren, 33 Mich. 49, Campbell, J., delivering the opinion, says: "There is no rule of evidence which requires a greater preponderance of proof to authorize a verdict in one civil action than in another, by reason of the peculiar questions involved. * * * There is no rule of law which adopts any sliding scale of belief in civil controversies." See, also, Semon

v. People, 42 Mich. 141, 3 N. W. 304; Peoples v. Evening News, 51 Mich. 11, 16 N. W. 185; Hough v. Dickinson, 58 Mich. 89, 24 N. W. 809; People v. Hillhouse, 80 Mich. 580, 45 N. W. 484. In Minnesota, proof of fraudulent representations in an action for fraud need only be proved by a preponderance of evidence, where the averments of the complaint do not amount to a statutory charge of the crime. Burr v. Willson, 22 Minn. 206. And see Thoreson v. Northwestern Nat. Ins. Co., 29 Minn. 107, 12 N. W. 154. And now in Missouri, a preponderance of proof is sufficient. Smith v. Burrus, 106 Mo. 94, 16 S. W. 881; Edwards v. George Knapp & Co., 97 Mo. 432, 10 S. W. 54, following Marshall v. Thames Fire Ins. Co., 43 Mo. 586, and overruling Polston v. See, 54 Mo. 291. See, also, Rothschild v. American Cent. Ins. Co., 62 Mo. 356. But see Elder v. Oliver, 30 Mo. App. 575. And so in Nebraska, at least as far as bastardy proceedings are concerned. Strickler v. Grass, 32 Neb. 811, 49 N. W. 804, following Altschuler v. Algaza, 16 Neb. 631, 21 N. W. 407. In New Hampshire, the rule of Thurtell v. Beaumont, supra, never prevailed, one reason given being that, whatever the verdict might be, no punishment or disability was incurred. Matthews v. Huntley, 9 N. H. 150; Folsom v. Brawn, 5 Fost. (25 N. H.) 114. In New Jersey, it was held that the defense of usury must be proved beyond a reasonable doubt, Conover v. Van Mater, 3 C. E. Green, (18 N. J. Eq.) 481; Taylor v. Morris, 7 C. E. Green, (22 N. J. Eq.) 606; also a charge of adultery in an action for divorce, Berckmans v. Berckmans, 17 N. J. Eq. 453. But now it seems that a similar doctrine to that of Indiana prevails. Kane v. Hibernia Ins. Co., 39 N. J. Law, 704, reversing 38 N. J. Law, 449. The latter case states that Thurtell v. Beaumont stands alone and unsupported in the English courts, except in actions of libel and slander, and has but a slender support in this country; denies its application to actions on insurance policies; and confines it to actions for libel and slander. In New York, the English doctrine was followed in the early cases, Woodbeck v. Keller, 6 Cow. 118; Clark v. Dibble, 16 Wend. 601; Hopkins v. Smith, 3 Barb. 602; but is now repudiated, and the present rule seems to be that in all civil actions the party upon whom the burden of proof rests as to an issue is not bound to establish it beyond a reasonable doubt. It is sufficient if there is a fair preponderance of evidence in his favor. Johnson v. Agricultural Ins. Co., 25 Hun, 251; Freund v. Paten, 10 Abb. N. C. 311; Davis v. Rome, W. & O. R. Co., (Sup.) 10 N. Y. Supp. 334; People v. Briggs, 47 Hun, 266, affirmed 114 N. Y. 56, 20 N. E. 820; New York Guaranty & Indemnity Co. v. Gleason, 78 N. Y. 503; Stearns v. Field, 90 N. Y. 640; Seybolt v. New York, etc., R. Co., 95 N. Y. 562; Lewis v. Shull, 67 Hun, 543, 22 N. Y. Supp. 484. In Ferry Co. v. Moore, 102 N. Y. 667, 6 N. E. 293, it is laid down that, "there is no rule of law which requires the plaintiff in a civil action, when a judgment against the defendant may establish his guilt of a crime, to prove his guilt with the same certainty as is required in criminal prosecutions." And in People v. Briggs, 114 N. Y. 56, 20 N. E. 820, the court of appeals, citing the last case with approval, says: "There is no apparent reason for making any distinction * * * in behalf of a defendant in an action for a penalty in which the people are the party plaintiff. It is no less a civil action because so brought. The purpose of the action is not the 'punishment' of the defendant, in the sense legitimately applicable to the term, but such action is brought to recover the penalty as a fixed sum, by way of indemnity to the public for the injury suffered by reason of the violation of the statute. The effect of the recovery is merely to charge the defendant with pecuniary liability, while a criminal prosecu-

tion is had for the purpose of punishment of the accused." In North Carolina, the rule in criminal cases that the jury must be satisfied beyond a reasonable doubt has no application in civil cases. Kincade v. Bradshaw, 3 Hawks, 63; Rippey v. Miller, 1 Jones, 479, 62 Amer. Dec. 177, and note. Likewise in Ohio, Jones v. Greaves, 26 Ohio St. 2; though the contrary doctrine was formerly maintained, Lexington F. L. & M. Ins. Co. v. Paver, 16 Ohio, 324; Strader v. Mullane, 17 Ohio St. 624. In Jones v. Greaves, supra, it is said that the reason of the rule in criminal cases is that of humanity. See Lyon v. Fleahman, 34 Ohio St. 151; Bell v. McGinness, 40 Ohio St. 204. In Pennsylvania, the rule is declared to be that, where the cause of action is founded upon a crime imputed, something more than a preponderance of proof is necessary; the presumption of innocence must be overcome by evidence so preponderating as to lead to the conclusion that the act complained of was committed,—something more than is required in a civil action, and less than is required in a criminal case. Catasauqua Manuf'g Co. v. Hopkins, 141 Pa. St. 30, 21 Atl. 638. And see Woddrop v. Thacher, 117 Pa. St. 340, 11 Atl. 621; also, Young v. Edwards, 72 Pa. St. 257; Steinman v. McWilliams, 6 Barr. (6 Pa. St.) 170. In Tennessee, an issue in a civil action involving a charge of crime merely requires to be proved by a preponderance of evidence. McBee v. Bowman, 89 Tenn. 132, 14 S. W. 481; Gage v. Louisville, N. O. & T. R. Co., 88 Tenn. 726, 14 S. W. 73; Chapman v. McAdams, 1 Lea, 500; Hills v. Goodyear, 4 Lea, 236. Bradish v. Bliss, 35 Vt. 326, (11th Ann. Ed. 117,) holds that there is no middle class of cases, and that the rule of evidence as to civil actions applies to all civil actions, whether or not criminal in their nature. And see, also, Burnett v. Ward, 42 Vt. 80, (13th Ann. Ed. 31,) holding that the rule does not apply to an action upon a statute giving cumulative damages; and Weston v. Gravlin, 49 Vt. 507, (15th Ann. Ed. 186,) a case of trespass for malicious injury; and see Currier v. Richardson, 63 Vt. 617, 22 Atl. 625. In Virginia, the rule of Thurtell v. Beaumont is adhered to. Warner v. Com., 2 Va. Cas. 105. And so in West Virginia. State v. Ralphsnyder, 34 W. Va. 352, 12 S. E. 721. And likewise applied in contempt proceedings. State v. Cunningham, 33 W. Va. 607, 11 S. E. 76. But otherwise in Wisconsin. Washington Union Ins. Co. v. Wilson, 7 Wis. 169, followed in Wright v. Hardy, 22 Wis. 348, approved in Blaeser v. Milwaukee, etc., Ins. Co., 37 Wis. 31. Pryce v. Security Ins. Co., 29 Wis. 270, sometimes cited as overruling the principle of Washington Union Ins. Co. v. Wilson, supra, is said in Blaeser v. Milwaukee, etc., Ins. Co., supra, not to conflict with it. See Freeman v. Freeman. 31 Wis. 235, an action for divorce. And see the valuable note attributed to John H. May, sometime editor of Greenleaf's Evidence, in 10 Amer. Law Rev. 642.

[The decisions of the United States circuit courts are to the effect that a mere preponderance of proof is sufficient in actions to recover penalties. U. S. v. Brown, (Or. 1869,) Case No. 14,662, an action to recover a penalty for violation of the internal revenue act, (14 Stat. 144,) and Hawloetz v. Kass, (S. D. N. Y. 1885,) 25 Fed. 765, an action to recover the penalty prescribed by Rev. St. § 4901, for printing the word "patented" on an unpatented article; and also in actions on fire insurance policies, where a defense of willful burning of the insured property is interposed. Huchberger v. Merchants' Fire Ins. Co., (N. D. Ill. 1868,) Case No. 6,822; Scott v. Home Ins. Co., Id. 12,533. But in the supreme court of the United States the view is taken that proceedings for the purpose of declaring a forfeiture of a man's property by reason of offenses committed by him, though civil in form, are in their nature criminal, and that suits for penalties and forfeitures incurred by the commission of offenses against the law, of a quasi criminal nature, are within the reason of criminal proceedings. Boyd v. U. S., 116 U. S. 616, 16 Sup. Ct. 524. In U. S. v. The Burdett, 9 Pet. (34 U. S.) 682, a proceeding to forfeit a vessel because of foreign ownership, the court said that. "no individual should be punished for a violation of law which inflicts a forfeiture of property, unless the offense is established beyond a reasonable doubt." And so in an action by the United States to recover a statutory penalty for violation of section 48 of the revenue act of June 30, 1864, the court held it incumbent on the government to prove the offense beyond a reasonable doubt. Chaffe v. U. S., 18 Wall. (85 U. S.) 516. And see Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370.

[In a well-considered case, recently decided.— U. S. v. Shapleigh, (Jan., 1893,) 4 C. C. A. 237, 54 Fed. 126,—it was decided, following the principles laid down in the supreme court decisions, that in an action under Rev. St. U. S. § 3490, to recover over $300,000, penalties from defendant for presenting a false and fraudulent claim against the United States, the government must prove its case beyond a reasonable doubt; but the reasons given by the learned judge in his opinion for the application of the rule of evidence were principally that the penalties sought to be inflicted were far heavier than any the court would probably have inflicted on a conviction for the crime, stating: "In each proceeding the same government, with its unlimited resources, proceeds against the same citizen to punish him for the same crimes, and in each the single question for the jury to determine is, was this defendant guilty of these felonies? Every consideration which induced the courts to establish the rule that the prosecutor must prove the crime charged beyond a reasonable doubt—the inequality of the parties in power, situation, and advantage; the purpose of the proceeding, which is the punishment of the defendant, not compensation for injury; the irreparable disgrace and injury that must result to the defendant from an unjust recovery; and the presumption of his innocence,—demands that this rule be applied to the latter to the same extent as it would be to the former proceeding. It is not the form, but the nature, of this proceeding, that must determine the rule to be applied to it." Notwithstanding, however, the decision in this particular case, the court recognized that "it is now settled by the great current of authorities in this country that, where a criminal act is alleged in a civil suit,—i. e. civil not in form merely. but in nature and purpose,—proof of the criminal act beyond a reasonable doubt is not required to warrant a verdict or decision in favor of the party who makes the allegation;" citing a number of cases.]

---

BAKER, (MACK v.) See Case No. 8,834.

BAKER, (McKENNEY v.) See Case No. 8,853.

BAKER, (MAYOR, ETC., OF GEORGETOWN v.) See Case No. 5,342.