## MILLER v. THE MUTUAL BENEFIT INSURANCE COMPANY.

1. Insurance: LIFE INSURANCE: DRUNKENNESS. In an action against a life insurance company, evidence that plaintiff's decedent died from a cause occasioned or produced by his excessive use of intoxicating liquors, will support the defense that he died from intemperance.

2. —— Thus, where the deceased having escaped from those having him in charge, while he was in a fit of delirium tremens, ran into the open air and through the streets, in inclement weather, without clothing, and it is shown that such exposure contributed to his death, it will be *held,* that these facts will support a defense of the character above stated.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 10.

THIS is an action upon a policy of insurance on the life of James A. Miller, late husband of plaintiff. There was a verdict and judgment for plaintiff. Defendant appeals.

*Adams & Robinson, Griffith & Knight* for the appellant.

*De Witt C. Cram* and *C. J. Rogers* for the appellee.

BECK, Ch. J. — The policy, which is the foundation of this action, contains a condition to the effect that in case the party whose life is therein insured, James A. Miller, shall die " by reason of intemperance from the use of intoxicating liquors," the instrument shall be void and of

no effect. As a defense to the action, defendants pleaded that the said James A. Miller did die by reason of intemperance from the use of intoxicating liquors, and thereby the policy became null and void, and plaintiff is defeated of his action thereon. Other issues were raised by the pleadings, but in the view we take of the case their consideration is rendered unnecessary.

Upon the issue presented by the defense just stated, evidence was introduced by the parties and the cause was submitted to the jury, who were instructed to the effect that, in case they found Miller died from the intemperate use of intoxicating liquors, their verdict should be for defendant. They were also informed, by the court, that the burden of proof upon this defense rested upon defendant, and that it was not necessary for them to be satisfied beyond a doubt of the fact of Miller's death from intemperance, but a preponderance of proof to that effect would authorize them to find for defendant. In addition to the general verdict for plaintiff, the jury returned special findings in answer to interrogatories, in substance, that Miller did not die by reason of intemperance, from the use of intoxicating liquors, but that the cause of his death was congestion of the lungs and brain. A motion to set aside the verdict, on the ground that it is contrary to the evidence, was overruled. This ruling constitutes one of the grounds of the assignment of errors, and is the only one that need be considered by us.

The correctness of the instruction of the court below upon the point of law above stated is not questioned by appellant's counsel. Our duty will be fully discharged in passing upon the verdict viewed in the light of the evidence before the jury.

In our opinion the verdict cannot be sustained; it is palpably and grossly in conflict with the evidence, and could only have been rendered under the influence of passion or prejudice. Upon the question involving the cause of the death of Miller, the testimony points but one

way : that he died from intemperance, in the use of intoxicating liquors, there can be no honest reasonable doubt. There is nothing within the whole record that can be dignified into the importance of creating a conflict of evidence on this point. He was shown to have been an intemperate man for years, often given to paroxysms of gross intoxication. He would drink to insensibility, and protract these debauches until nature failed to supply strength necessary to enable him to continue his indulgences. He had seasons of sobriety which would continue for months. His debauches were not very protracted as to time, but most violent in excess. In one of these, after having spent two or three days at a " saloon " drinking, as was his wont on such occasions, and leaving it neither at night nor in the day time, he was assisted home by the one who had dealt out to him the poisonous beverage, and supplied with' a bottle of liquor to which he could have access at his own house. Soon after a physician was called in who found him suffering under an attack of *delirium tremens*. He rapidly grew worse and died from the disease. The physician testifies that his death was caused by the disease just named, which was the result of the intemperate use of intoxicating liquors. Not a single witness gives evidence contradicting the foregoing statement of facts. The only testimony that forms even the basis of an argument in support of the verdict of the jury is the affidavit of the physician (the same who attended him in his last sickness), to the effect that he died of exposure and intemperance. The affidavit was prepared and used to establish Miller's death upon application to the defendant for payment of the policy. The physician also, in his evidence, at the trial, stated he had died of congestion of the lungs and brain, caused by excessive indulgence in the use of intoxicating liquors. In explanation of the evidence it is shown that Miller, in his delirium, escaped from those having charge of him, and was thereby exposed in his underclothes, while

running at large in the city, to the inclemency of the weather. It further appears that congestion of the lungs and brain was a consequence of his indulgence in intoxicating liquors, and was an attendant of the disease produced thereby. All that can be said of this evidence, giving it the weight and effect claimed by plaintiff's counsel, is that Miller died of congestion, or from exposure, both of which were the direct consequences of his intemperate use of intoxicating liquors. This conclusion sustains the defense that he died from intemperance. Discredit is attempted to be attached to the evidence of the physician, by the testimony of plaintiff as to certain statements made by him to her. He denies or explains these statements, and her evidence is unsupported. Of course the witnesses' testimony is unaffected by this attack.

Upon evidence of this character the jury based their special finding, that Miller did not die from intemperance, and their general verdict for plaintiff. These findings ought not to have been permitted to stand by the court below. For the error in overruling defendant's motion for a new trial, on the ground that verdict is contrary to the evidence, the judgment of the circuit court is

Reversed.