## WOODWARD v. SQUIRES & Co.

1. **Evidence:** INTERESTED WITNESS: JURY: A jury should not arbitrarily reject the testimony of unimpeached witnesses, which does not lack probability, although they may be interested in the result of the suit; and a verdict in conflict with their uncontradicted testimony cannot be sustained.

2. **Action:** INTOXICATING LIQUORS: NEW TRIAL. An action under Sec. 1571 of the Revision, to recover the price paid for intoxicating liquors sold in violation of the statute, is a civil action, and not *quasi* criminal in character, and admits of a motion for a new trial on the ground that the verdict is contrary to the evidence.

*Appeal from Des Moines Circuit Court.*

FRIDAY, SEPTEMBER 25.

ON the 11th day of August, 1873, the plaintiff filed in the Des Moines Circuit Court a petition, sworn to, claiming of defendants $1,333.00, and alleging that that sum had been paid by plaintiff to the defendants for intoxicating liquors, sold in

violation of law; that the defendants had no license to sell intoxicating liquors under the laws of Iowa, but sold the same to plaintiff, a druggist of the town of Fairfield, without any right or permit, and contrary to the statute.

On the 4th of December, 1873, the plaintiff filed an amendment to his petition, alleging that the sum claimed in his petition is for money paid defendants by plaintiff, as the managing member of the firm of Croy & Woodward, druggists, composed of M. Croy and plaintiff. That the liquors for which said money was paid were bought and received during the existence of said firm. That afterwards, on the 13th day of January, 1872, said Croy & Woodward dissolved said partnership by plaintiff purchasing Croy's interest in the business, and all accounts due the said firm, including the accounts against these defendants upon which this suit is brought. That plaintiff, after receiving the assignment in writing of said Croy's interest in said account, caused demand to be made of defendants prior to the commencement of this action, for the amount thereof, and that defendants have failed to pay the same.

The defendants deny that they sold to plaintiff, or Croy & Woodward, intoxicating liquors as alleged, and they deny every material allegation in the petition and amended petition.

The jury found specially that Squires & Co. had no permit to sell intoxicating liquors from May 17th, 1870, to December 20th, of said year.

That during that time Croy & Woodward paid defendants for intoxicating liquors the sum of $1,200.00. That M. Croy, of the firm of Croy & Woodward, did not sign a paper purporting to be an assignment to plaintiff of Croy's interest in the claim sued on. The jury also returned a general verdict for defendant. Motion for new trial was overruled, and judgment was rendered upon the verdict. Plaintiff appeals.

*McCoid & Herron* and *Stutsman & Trulock*, for appellant.

*Chas. H. Phelps* and *Newman & Blake*, for appellees.

DAY, J. Section 1571 of the Revision provides that all money or property paid for intoxicating liquor, sold in violation of law shall be held to have been received in violation of law, and against equity and good conscience, and upon a valid promise and agreement of the receivers, in consideration thereof, to pay on demand, to the person furnishing such consideration, the amount of such money or property. The jury found the existence of every fact essential to the plaintiff's recovery, except the assignment to him of Croy's interest in the claim. Upon this finding it is claimed by the appellant that the verdict of the jury is not sustained by the evidence, and that it is clearly the result of mistake, prejudice or passion. Three witnesses testified respecting the assignment, the plaintiff, and his attorneys, D. Herron and M. A. McCoid. Plaintiff testifies that he was a member of the firm of Croy & Woodward, that he became owner of Croy's interest in the claim by purchase, that he gave the assignment to McCoid. Herron testifies that the assignment Woodward speaks of was brought to the office of McCoid & Herron, prior to the commencement of this action, and that McCoid, his partner, put it away. McCoid testifies that he drew the form of the assignment, and it was afterward copied by the parties. That the paper was given to him about the time he drew the petition, perhaps a month or two before. That he has made a pretty thorough search for it and cannot find it. That he read the assignment through when it was handed to him, and that he referred to it once afterward, since the commencement of the suit. He testifies to the contents of the assignment, and says it named particularly this claim.

This witness stated also that his firm had a contingent fee in the case, of one-half the judgment. The defendant introduced no testimony respecting the assignment. Upon substantially this testimony the jury found there was no assignment of Croy's interest to plaintiff. It is insisted by appellee that the circumstances of the case justify the jury in disregarding the testimony of these witnesses; that they are all interested in the result of the suit; that McCoid and Herron had a safe for the preservation of valuable papers, and McCoid

carried the assignment in his pocket book, and that, in the original petition, sworn to before McCoid, plaintiff did not base his claim upon an assignment.

These facts might all properly be considered in lessening the credibility of the witnesses. If their testimony had come 1. EVIDENCE: in conflict with that of other witnesses, these cir- interested witness: jury. cumstances might fully have justified the jury in preferring other testimony to this. But they do not, in our opinion, authorize the jury, in the absence of conflicting testimony, to refuse to give any credit to these witnesses. The jury should not arbitrarily reject the testimony of witnesses who are unimpeached and uncontradicted, and whose testimony does not lack probability, although they may be interested in the result of the suit. And whilst we reluctantly interfere with the finding of a jury, yet if the verdict is clearly unsupported by the evidence, and appears to be the result of passion or prejudice, we should not hesitate to do so. *Jourdan v. Reed*, 1 Iowa, 135; *Doulon v. City of Clinton*, 33 Iowa, 397; *Miller v. Mutual Benefit Ins. Co.*, 34 Iowa, 222. The court should have granted a new trial upon the ground that the third special finding is not supported by the evidence.

II. It is urged by appellee that this is an action for the 2. ACTION: in- recovery of a penalty, and of a *quasi* criminal toxicating liquors: new character, and that no new trial can be granted, on trial. the ground that the verdict is contrary to the evidence.

It is true that the constitutionality of the statute, punishing as a crime the unlawful sale of intoxicating liquors, is sustained under the general power to make proper police regulations. But the provision which takes away the right to recover the price of liquors unlawfully sold, is assimilated to the statute denying the right to recover usurious interest. And the conferring the right to recover the price of liquors paid is of like character. The remedy is enforced by a civil action, and is in all respects governed by the rules applicable to such action.

REVERSED.