## SCHOBER V. ROSENFIELD.

1. **Intoxicating Liquors**: ILLEGAL SALE BY AGENT: LIABILITY IN ACTION TO RECOVER PURCHASE PRICE. An agent who sells intoxicating liquors in violation of law, but who does not receive the purchase money, is not liable, under section 1550 of the Code, in an action by the purchaser to recover the purchase money. Section 1540 of the Code does not have the effect to make him liable.

2. ——: ILLEGAL SALE: RECOVERY OF PURCHASE PRICE: DEMAND. An action cannot be maintained, under section 1550 of the Code, to recover the purchase price of intoxicating liquors unlawfully sold, without first making demand for the repayment of the money.

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

FILED, OCTOBER 11, 1888.

ACTION to recover the amount of payments alleged to have been made for intoxicating liquors sold in violation of law. There was a trial to a jury, and a verdict and judgment for plaintiff. The defendant J. Rosenfield appeals.

*C. E. Richards, S. McPherson* and *W. S. Strawn*, for appellant.

ROBINSON, J.—The plaintiff alleges that during the months of February, March and April, 1887, he purchased of defendants, L. & J. Rosenfield, intoxicating liquors, for which he paid in the aggregate $98.60; and that such liquors were sold in violation of the laws of Iowa. The court directed a verdict in favor of L. Rosenfield. The amount of the verdict and judgment against J. Rosenfield was $98.60. Two questions of law are certified to this court for determination.

I. The first question is as follows: "Is an agent who sells intoxicating liquors to the purchaser, but

Schober v. Rosenfield.

1. **INTOXICATING liquors: illegal sale by agent: liability in action to recover purchase price.** which agent does not receive the money or purchase price, liable, at the suit of said purchaser, for the purchase price of said liquors?" This action is brought under that portion of section 1550 of the Code which reads as follows: "All payments or compensations for intoxicating liquor sold in violation of this chapter, whether such payments or compensation be in money, goods, land, labor, or anything else whatsoever, shall be held to have been received in violation of law, and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay, on demand, to the person furnishing such consideration the amount of said money, or the just value of such goods, land, labor, or other thing." It will be noticed that the consideration of the promise to repay is the receipt of the money or other thing given for the liquors, and the one who receives it is the one who is liable, by the terms of the statute, to repay it or its value. Section 1540 of the Code provides that agents who violate the provisions of law relating to intoxicating liquors "shall be charged and convicted in the same manner as principals may be, and shall be subject to the penalties herein provided." But this refers to punishment for violation of the law. Section 1550 is designed to enable the purchaser of liquors illegally sold to recover the amount of money, or the value of property or other thing, paid by him, and gives a right of action therefor against the one who receives it. It was, no doubt, in part designed to discourage illegal sales; but the punishment of the seller was not its primary object. That is provided for elsewhere. Whether an agent who actually receives the consideration for the illegal sale would be liable in an action of this kind we need not determine. He certainly is not liable unless he does receive it.

II. The second question certified is as follows: "Can a suit be brought for the purchase price of liquors

**2. ——: illegal sale: recovery of purchase price: demand.** unlawfully sold, without first making a demand for the money thus paid for the liquors by the plaintiff, and is the bringing of the suit a sufficient demand." The law provides that the consideration paid for intoxicating liquors sold in violation of law shall be held "to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay, on demand, to the person furnishing such consideration," its amount or value. He is to pay it, not because the sale was illegal, although that is a condition of his liability, but because of a valid agreement so to do, made by operation of law as a result of the illegal sale and receipt of the consideration. By the terms of this agreement the obligor is required to make payment on demand, but not before. A demand is necessary to fix his liability. It was not fixed by the illegal sale, nor by the lapse of time. We therefore conclude that the rules governing ordinary agreements for the payment of money on demand should govern in this case. The judgment of the district court is

REVERSED.