### CHARLES W. MEAD *vs.* JAMES BILLINGS.

#### May 5, 1890.

**Notice of Trial.**—A party is entitled, as a matter of right, to notice of trial.

**Same—After Appeal to Supreme Court.**—After a cause on the calendar of the district court has been tried, and a verdict rendered, if the court grants an order for a new trial, from which the adverse party appeals to the supreme court, the cause must be again noticed for trial after an affirmance of the order appealed from, and the remanding of the cause to the district court.

**Refusal to Strike from Calendar—Waiver.—**A *right* to have a cause stricken from the calendar is not waived by participating in a trial after a refusal of the court to strike from the calendar or to continue the cause.

Appeal by defendant from a judgment (of $1,005.46) of the district court for Hubbard county, *Holland,* J., presiding.

*A. G. Broker,* for appellant.

*Hartshorn & Coppernoll,* for respondent.

DICKINSON, J.[1] This action, being on the calendar of the district court for Hubbard county, was tried at the May term, 1888. The plaintiff had a verdict. Afterwards the defendant moved for a new trial, and this was allowed by order of the district court. From that order the plaintiff appealed to the supreme court. The cause was heard in this court at the April term, 1889. The order appealed from was affirmed, (40 Minn. 505, 42 N. W. Rep. 472;) and on the 10th day of June, 1889, the mandate of this court was issued, remitting the cause to the district court, and was filed in the latter court June 14, 1889, three days before the commencement of the general June term of the district court. The cause was placed on the calendar for that term by the clerk of the court. No notice of trial was served for that term. At the opening of the court the defendant moved that the cause be stricken from the calendar of that term, for the reason that no notice of trial had been served. This was refused, and the cause was brought to trial June 18, 1889. The plaintiff again secured a verdict. The court refused a new trial, judgment was entered, and the defendant appealed therefrom. The statute (Gen. St. 1878, *c.* 66, § 218) provides that any time after issue, and at least eight days before the term, either party may give notice of trial. It provides for a note of the issue to be filed with the clerk, who is to enter the cause upon the calendar. It further provides: "The cause once placed upon the calendar of a term, if not tried at the term for which notice was given, need not be noticed for a subsequent term, but shall remain upon the calendar from term to term until finally disposed of, or stricken off by the court." The notice of trial is required to enable the adverse party to prepare for trial. It

[1] Mitchell, J., took no part in this case.

is a matter of right that this opportunity be given for preparation by notice, before a party can be compelled to go to trial, although, of course, this right may be waived.

The only question of practice here involved, concerning which we feel any doubt, is whether, a cause having been tried and a verdict rendered, the court having ordered a new trial, and an appeal having been taken from that order to the supreme court, the cause should remain on the trial calendar of the district court pending such appeal. We understand that the stay-bond provided for by statute was given, so that the power of the district court to proceed to the trial of the cause was suspended. The parties could not know when a decision of the supreme court upon the appeal would be rendered, nor, of course, could they know whether the order of the district court granting a new trial would be sustained or reversed. Hence they could not know whether the cause was to be again tried or not, nor, if to be tried, when the trial could be had. They should not, therefore, be required to be prepared for trial at any time and without notice. If no notice of retrial was required under such circumstances, a party might be compelled to go to trial on the very day of the cause being remanded to the district court, and this might be just as a term of that court was drawing to a close; and if the cause should be then called upon the motion of a party, and if the adverse party were absent, the case might be disposed of as upon his default. It would seem that some notice should be given in such cases, but the statute contemplates no notice, except the prescribed eight-days notice of trial; and, if any notice was necessary, that notice was necessary. In view of these considerations, and particularly of the fact that pending the appeal, the authority of the district court to proceed to a trial of the cause was suspended, and might never be revived, (as in the event of the order being reversed on appeal,) we are of the opinion that the statute to which we have referred should not be construed as contemplating no notice of retrial under such circumstances. It must be admitted that the proper construction of it is not very plain; but it seems to us that the provision that a cause shall remain on the calendar from term to term until finally disposed of was intended to apply to causes the trial of which should be pending in-

that court, and which the court might try, and not to causes removed from that court by appeal to the supreme court, pursuant to a statute which, in effect, declared that, pending the appeal, and until the proper determination of the supreme court affirming the order appealed from, the district court should not proceed to the trial of the cause.

The defendant is not to be deemed to have waived his rights in the particular above referred to by reason of the facts that, after the denial of the motion to strike the cause from the calendar, he sought a continuance of the cause, and, that being refused, participated in the trial.

Judgment reversed.

