(77 N. W. Rep. 285.)

---

John C. Oswald & Co. *vs.* Patrick Moran, *et al.*

Opinion filed November 11, 1898.

**Intoxicating Liquors—Moneys Paid on Illegal Sales—Demand.**

> Construing section 7621, Revised Codes, relating to the traffic in intoxicating liquors: In an action upon a joint promissory note, the defendants answered jointly, setting up a claim against plaintiffs for moneys paid on account of illegal sales of intoxicating liquors made by the plaintiffs to one of the defendants; but the answer omitted to allege any demand for the return of the money so paid to plaintiffs. Plaintiffs demurred to such answer upon the ground that the same failed to state facts sufficient to constitute a counterclaim or defense. The trial court overruled the demurrer. *Held* error. The demurrer should have been sustained, inasmuch as the action arises under a statute which makes a demand a condition precedent of recovery.

Appeal from District Court, Stutsman County; *Glaspell,* J.

Action by John C. Oswald and Theodore Basting against Patrick Moran and Margaret Moran for the foreclosure of a real estate mortgage securing a promissory note for $2,966.66 and interest. The defendants admitted the execution and delivery of the note and mortgage sued upon, but counterclaimed for $4,662.37 moneys alleged to have been paid to plaintiff for the purchase of intoxicating liquors by the defendant Patrick Moran, which liquors were purchased for illegal sale within the State of North Dakota. From an order overruling a demurrer to the answer, plaintiffs appeal.

Reversed.

*Charles G. Laybourne,* for appellants.

*Conklin & Murphy,* for respondents.

Wallin, J. This action was brought upon a promissory note executed and delivered to the plaintiffs by the defendants Patrick Moran and Margaret Moran on the 16th day of January, 1895. Said note was made and delivered in payment or in renewal of a

previous note which had been given in settlement of an account which the plaintiffs then had against said Patrick Moran. The execution and delivery of said note is admitted by the defendants Patrick Moran and Margaret Moran, who answer the complaint jointly. Said answer further embodies an itemized statement of divers sums of money alleged to have been paid over by Patrick Moran to the plaintiffs on account of intoxicating liquors sold by the plaintiffs to said Patrick Moran at divers times since the existing statute known as the "Prohibitory Liquor Law" went into effect, to-wit, since July 1, 1890. The answer further states that said sums of money were paid to the plaintiffs by said Patrick Moran for intoxicating liquors sold to him, and smuggled into this state, with the express view and intention on plaintiffs' part of aiding and assisting said Patrick Moran in his business of selling intoxicating liquor illegally within this state. The defendants plead said payments of money, with interest thereon, as a counterclaim in favor of Patrick Moran against the cause of action stated in the complaint, and demand judgment in favor of Patrick Moran for the amount due him on account of said payments, after deducting the amount found to be due on said note. To this answer plaintiffs interposed a demurrer upon the ground that the same does not state facts sufficient to constitute a defense or counterclaim. A hearing was had before the District Court upon the issues of law joined by said demurrer, and that Court entered its order overruling said demurrer. Plaintiffs appeal to this Court from the order.

The principal question for this Court to determine is whether the affirmative matter set up in the answer constitutes a cause of action in favor of the defendant Patrick Moran and against the plaintiffs, which existed at the commencement of this action. See Rev. Codes, § 5274. The alleged counterclaim manifestly would not constitute a cause of action at common law, and no such claim is made. Avowedly, the claim is strictly of statutory origin, and arises under the following provisions of the prohibitory liquor law of this state, now found within section 7621 of the Revised Codes: "All payments and compensations for intoxicating liquors sold in violation of this chapter, whether such payments or compensation is in money, goods, land, labor or anything else whatsoever, shall be held to have been received in violation of law and against equity and good conscience and to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration the amount of said money or the just value of such goods and labor or other things." The demurrer admits the fact that the payments of money by Patrick Moran to the plaintiffs were in fact made as stated in the answer, and the pivotal question arising upon such admission is whether such payments constitute a cause of action; and the solution of this question, if decided adversely to the defendants, does not necessarily require this Court to determine whether, in a case like this, where the suit is upon a joint demand, a cause

of action in favor of one defendant may be set off against such joint demand. It is clear that, if the answer does not state a defense or a cause of action in favor of anybody or against anybody, the demurrer should have been allowed. In our opinion, the answer fails to state a cause of action, in this: that it omits to allege that a demand such as the statute requires was made. We hold that such demand is an essential prerequisite, and that no cause of action arises on account of such payments of money until the demand is made. Under the statute a counterclaim upon contract can arise only upon a cause of action existing in favor of a defendant at the commencement of the action. Rev. Codes, § 5274, subd. 2. The provision of the statute under which the defendant's claim arises (Id. § 7621) is copied literally from the liquor law of the State of Iowa, and was enacted in that state several years prior to its passage by the legislature of the State of North Dakota. See 1 Mc-Clain's Code Iowa, § 2407. The particular provision of the statute we are here discussing has been frequently considered and construed by the Supreme Court of the State of Iowa; and that Court in a case decided in the year 1888, and prior to the enactment of the statute by the legislature of this state, has squarely met and passed upon the identical question involved in the case at bar. See *Schober* v. *Rosenfield,* 75 Iowa 455, 39 N. W. Rep. 706. Upon the question of demand the Court in its opinion in that case uses the following language: "The second question certified is as follows: 'Can a suit be brought for the purchase price of liquors unlawfully sold, without first making a demand for the money thus paid for the liquors by the plaintiff, and is the bringing of the suit a sufficient demand?' The law provides that the consideration paid for intoxicating liquors sold in violation of law shall be held 'to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay, on demand, to the person furnishing such consideration,' its amount or value. He is to pay it, not because the sale was illegal, although that is a condition of his liability, but because of a valid agreement so to do, made by operation of law as a result of the illegal sale and receipt of the consideration. By the terms of this agreement the obligor is required to make payment on demand, but not before. A demand is necessary to fix his liability. It was not fixed by the illegal sale, nor by the lapse of time. We therefore conclude that the rules governing ordinary agreements for the payment of money on demand should govern in this case. The judgment of the District Court is reversed. It is a well established general rule of construction that, when a statute is taken from another state and re-enacted by the legislature without any changes being made in its phraseology, such statute is adopted together with the construction placed upon it, if any, by the Court of last resort in the state in which the law was originally enacted. This rule has been frequently applied by the

Courts of this country, and it rests upon a strong presumption that the legislature sanctioned the law as judicially interpreted, and understood its provisions as they have been construed authoritatively by the Courts from whence it came. This Court applied the rule in a recent case. See *Cass Co.* v. *Certain Lands of Security Imp.* Co. 7 N. D. 528, 75 N. W. Rep. 775.

Aside from the reason already advanced,—which alone, in our opinion, would require a reversal of the order appealed from,—we are satisfied that the statute in question was properly construed in the Iowa case we have cited; and this despite the somewhat ambiguous language used in the concluding portion of the opinion in that case. We are far from being of the opinion that the case should be disposed of "by the rules governing ordinary agreements for the payment of money on demand." The ordinary rule in such agreements, especially if the same are in writing, is that no demand is necessary. See *Gammon* v. *Everett,* 43 Am. Dec. 255; *Wheeler* v. *Warner,* 47 N. Y. 519; *Halleck* v. *Moss,* 22 Cal. 266. But the case at bar does not fall within the ordinary rule, and is readily differentiated from the cases which do. Ordinarily a promise to pay money on demand is based upon a pre-existing valuable consideration. In such cases the promise is only the evidence of an existing obligation, which arises independently of the promise to pay on demand. But in the claim of the defendants against the plaintiffs there is no antecedent consideration to support it. It arises wholly under a statute, and exists, if at all, by force of the statute, and is not, therefore, based upon any legal obligation to pay, aside from that created by an arbitrary enactment providing that the money paid for intoxicating liquor may be recovered back under the circumstances stated in the statute. The mere fact of paying over the money for the liquor does not create an obligation to return it to the purchaser. The statute makes no such provision and imposes no such obligation. And it is obvious that no such agreement was made between the buyer and seller of the liquors. In short, affirmative action on the part of the buyer becomes necessary before any legal obligation to return the money arises. The promise of the purchaser annexed by the statute to the agreement of the parties is not an unconditional promise. The promise injected into the transaction by the terms of the statute is an agreement of the receiver to pay back the purchase money only on demand, *i. e.* upon the performance of a condition precedent by the buyer. The promise to return the money is not unconditional. Regarding the obligation of the seller to return the purchase money on request or on demand therefor as a contract, pure and simple, it is well settled that the condition precedent must be averred in cases where there is no obligation to pay outside of the terms of a contract which requires payment to be made only upon the happening of a specified contingency. *De Wein* v. *Osborn,* 12 Colo. 407, 21 Pac. Rep. 189. In an action upon a contract to do some act when thereto requested, a request before suit must be alleged. 4 Enc.

Pl. & Prac. p. 646, and note 2. It is elementary that in actions aris-
ing solely upon a statute the pleader must allege facts which bring
his case within the terms of the statute. Id. pp. 655, 657c. The
absence in a pleading of any averment of a demand, in cases where
a demand is a condition precedent of recovery, is a defect which
can properly be reached by demurrer. This is well settled. Id. p.
661, and cases cited in note 5. In the case at bar, if it be con-
ceded that the answer alleges a cause of action against the plaintiff,
the remaining question, as to whether such cause of action could
be averred as a counterclaim in this action, could only be raised
by demurrer. See *Noble Tp.* v. *Aason* (decided this term), 76
N. W. Rep. 990, citing *Bank* v. *Laughlin,* 4 N. D. 391, 61 N W.
Rep. 473. Counsel for respondents contend that the plaintiffs, by
demurring to the answer, have asserted a superior right to the money
in suit, and have thereby shown that no demand would be responded
to by plaintiffs, if one were made, and hence, as counsel claim,
plaintiffs are estopped from showing a want of demand in bar of
the action upon the counterclaim. This position is obviously unten-
able. Plaintiffs have pleaded no facts whatever in response to
the counterclaim. Nor is there aught in the demurrer to indicate
that plaintiffs will not comply with a demand for the purchase
money of the liquor, if such demand shall be made upon them. Re-
spondents' counsel further claim that it appears that plaintiffs are
nonresidents, and that fact ought to operate as an excuse for the
nondemand of the money. We think that the fact that a demand
would be inconvenient cannot in this class of cases operate to excuse
the want of demand before suit. This action, as we have said, arises
strictly under a statute, and the requirement of a demand in the
statute, as a condition precedent of recovery, is imperative. No
action will lie in this class of cases until the demand is made, unless
a demand is waived. The order overruling the demurrer to the
answer should be reversed, and the District Court is directed to
reverse said order and enter an order sustaining said demurrer.
All the judges concurring.