(82 N. W. Rep. 420.)

---

## JOHN C. OSWALD, et al. vs. PATRICK MORAN, et al.

Opinion filed April 26, 1900.

### Note of Issue—Notice of Trial.

To entitle a party to a civil action in the District Court, wherein issue has been joined, to bring such issue to trial at a term of court, it is necessary that prior to such term he shall furnish the clerk of the court a note of the issue to be tried, and also to serve the adverse party with a notice of trial, as required by section 5422, Rev. Codes; and it is also necessary that the note of issue so furnished shall state what the issue is,—whether one of law, or one of fact.

### Issue of Fact—How Set Down for Trial.

Where a case has been regularly upon the trial calendar at previous terms upon an issue of law raised by a demurrer, and such issue has been disposed of by final order, the clerk of the District Court is without authority to place the case upon the trial calendar of a subsequent term upon an issue of fact subsequently joined, unless a new note of issue is filed. Neither is a party entitled to force such fact issue to trial without serving a new notice of trial.

### Case Must Be Renoticed on Remand from Supreme Court.

Where a civil case is properly upon the trial calendar of the District Court, and notice of trial has been properly served, and thereafter an appeal is taken to this court, accompanied by an undertaking staying all proceedings in the District Court pending the appeal, and the case is remanded to the District Court for trial, a new notice of trial is necessary.

### Motion to Strike Case from Calendar.

It is accordingly *held*, that it was error in this case to deny a motion to strike the case from the trial calendar when it appeared that the issue of law raised by the demurrer had been finally disposed of at a prior term of court, and that subsequent to the joinder of issue of fact no note of issue had been filed with the clerk, or notice of trial served upon the adverse party, and upon the further ground that no notice of trial was served subsequent to the determination of the appeal by this court.

### Judgment Irregular When Case Not Properly Noticed for Trial.

*Held*, further, that the judgment rendered and entered after the denial of such motion was irregularly rendered, and should be vacated and set aside.

Appeal from District Court, Stutsman County; *Glaspell*, J.

Action by John C. Oswald and Theodore Basting against Patrick Moran and others. Judgment for plaintiffs, and defendants appeal.

Reversed.

*Conklin & Murphy* and *S. E. Ellsworth*, for appellants.

Notice of trial must be served after the issue to be tried has been formed by service of the proper pleadings. The note of issue must specify whether the issue presented is of law or of fact, that the order of its trial may be arranged. The note of issue must contain the date of service of the last pleading in order that the place of the case upon the calendar may be determined. § 5422, Rev. Codes. Applying the foregoing principles to the question hereby presented, and the case was improperly on the calendar of the July, 1899, term and should have been striken therefrom on appellants' motion. *Romaine* v. *Bowdoin,* 42 N. Y. Supp. 67. The provision that a cause shall remain on the calendar from term to term until finally disposed of is intended to apply to causes pending and which the court may try, and not to causes removed by appeal to the Supreme Court pursuant to a statute which stays proceedings pending appeal. *Mead* v. *Billings,* 45 N. W. Rep. 228. Every change of issue arising from amendment or otherwise requires a new notice of trial and note of issue. *Ostrander* v. *Conkey,* 20 Hun. 421; *McBride* v. *Langan,* 11 N. Y. Supp. 626; *Graham* v. *Stirling Ins. Co.,* 13 N. Y. Supp. 562; *Grindal* v. *DeLano,* 15 N. Y. Supp. 823; *Gair* v. *Birmingham,* 15 N. Y. Supp. 147; *Fisher* v. *Gunn,* 34 N. Y. Supp. 27; *Yates* v. *McAdam,* 42 N. Y. Supp. 109; *Coler* v. *Lamb,* 46 N. Y. Supp. 117; *Wright* v. *Birmingham,* 47 N. Y. Supp. 954; *Hoskin* v. *Murray,* 51 N. Y. Supp. 542; *Kielly* v. *Traynor,* 55 N. Y. Supp. 744.

*Oscar J. Seiler* and *Roderick Rose,* for respondent.

The only object of notice of trial is to give the party on whom it is served a chance to prepare for trial. *Smith* v. *N. P. Ry Co.,* 3 N. D. 17, 53 N. W. Rep. 173. The note of issue is not provided for the benefit of the defendant but for the convenience of the court. 14 Enc. Pl. & Pr. 1063. On August 16, 1898, the court made an order concerning the appeal from the order overruling demurrer and providing among other things that pending said appeal the rights of all the parties should be preserved in the same condition as existed at the date of the order. At the time, therefore, when the motion was made to strike the case from the calendar, the case was rightfully and properly on the calendar. New York and Minnesota have similar statutes concerning notices of trial and notes of issue. Sec. 977, N. Y. Code Cl. Pro.; Sec. 5362, Stat. of Minn. 1894; *Stevens* v. *Curry,* 10 Minn. 316; *Griggs* v. *Edelbrock,* 61 N. W. Rep. 555; *Minrath* v. *Teachers' L. & I. Co.,* 21 N. Y. Supp. 204; § 5296, Rev. Codes; § 542 N. Y. Code Civ. Pro.; Ch. 66, § 123, Minn. Stat. 1878. When an amended answer is not interposed in good faith the court may require the trial to proceed at once upon the notice of trial originally given. *Minrath* v. *Teachers, etc. Co.,* 21 N. Y. Supp. 204. The object of technical rules is to promote justice or to prevent injustice. *Peo.* v. *Tweed,* 5 Hun. 353. This court can take judicial notice of proceedings in this case, and of statements in Judge Glaspell's affidavit used upon

proceedings to settle statement of case on appeal had before this court, wherein he says: "I was prompted to deny the application of the defendants to strike the case from the calendar for the reason that it had been admitted to me by counsel for the defendants that they had no defense to the merits of the case and did not intend to go to trial upon the facts and expected merely to make a fight for delay." *National Bank of Monticello* v. *Bryan,* 13 Bush. (Ky.) 419; *Schneider* v. *Hesse,* 9 Ky. Law Rep. 814; *Day* v. *Town,* 107 N. Y. 148, 13 N. E. Rep. 915. The production of record evidence is sometimes allowed in an appellate court for the purpose of sustaining a judgment. Being in its nature uncontrovertible it would be idle to send the case back for a new trial for the sole purpose of admitting it. *Dunham* v. *Townsend,* 23 N. E. Rep. 367; *Thornton* v. *Webb,* 13 Minn. 498; *State* v. *Bowen,* 16 Kan. 495; *Brucker* v. *State,* 19 Wis. 566; *Fredericks* v. *Davis,* 13 Pac. Rep. 125; *Day* v. *Town,* 13 N. E. Rep. 915; *Charlotte* v. *Carpenter,* 62 N. Y. 639; *Wines* v. *Mayor,* 70 N. Y. 613; *In re Cooper,* 93 N. Y. 587.

YOUNG, J. This is an appeal from a judgment and decree of foreclosure rendered and entered by the District Court of Stutsman county at the regular July, 1899, term. The case appeared upon the trial calendar for that term, and when the case was reached upon a call of the calendar the defendants interposed a motion to strike it from the trial calendar upon the grounds that it was not properly on the calendar, for the reason that no note of issue had been filed, and notice of trial had not been served, as required by section 5422, Rev. Codes. This motion was denied, and an exception was taken to the ruling by defendants' counsel. The court then proceeded with the trial of the case, and plaintiffs introduced their testimony. The defendants offered no testimony. Judgment was ordered and entered in favor of the plaintiffs as prayed for in their complaint. Defendants appeal from the judgment, and specify as error the denial of the motion to strike the case from the trial calendar, and, for the purpose of securing a review of the alleged error in denying their motion, have caused a statement of the case to be settled and incorporated into the judgment roll, embracing such facts as are material to an inquiry into the correctness of the order complained of.

It appears that the case had appeared upon the trial calendar at two previous terms of court upon a demurrer to the answer, viz: at the July, 1898, term, and the January, 1899, term; further, that the plaintiffs had filed a note of issue with the clerk, and served defendants with a notice of trial, entitling them to bring the case upon the calendar upon an issue of law, and the case to trial upon the law issue at the term of court first mentioned. In fact, it is not contended that it was improperly on the calendar at either of these terms. But it is clearly made to appear that it was on the trial calendar upon an issue of law only; also, that the note of issue filed and notice of trial served specified the issue to be tried as one of law, which was entirely correct, as the case was then

pending upon an issue of law only. No other note of issue has since been filed, and no other notice of trial has ever been served. The demurrer was overruled at the July, 1898, term, and an appeal was at once perfected by the plaintiffs from the order overruling it, and an undertaking given, suspending all further proceedings in the District Court pending the determination of the appeal by this court. The appeal was heard at the October, 1898, term, and an order was made reversing the order of the District Court, and directing that court to enter an order sustaining the demurrer. See *Oswald* v. *Moran,* 8 N. D. 111, 77 N. W. Rep. 281. The remittitur from this court was filed in the District Court December 3, 1898, and the clerk of the District Court thereafter placed the case upon the trial calendar for the regular January term of court, which convened January 3, 1899. The issue of law raised by the demurrer was finally disposed of at this term by the entry of an order by the District Court sustaining the demurrer pursuant to the directions of this court. An order was also made giving the defendants permission to serve an amended answer. Thus, it will be noted the issue of law was finally disposed of at the January, 1899, term. Subsequently an issue of fact was joined by the service of the amended answer and plaintiff's reply thereto. The plaintiffs thereafter took no steps to bring the issue of fact to trial, either by filing a note of issue or serving a notice of trial. The clerk of the Court, however, of his own volition, placed the case upon the trial calendar for the July, 1899, term of court, where it appeared when the motion to strike here in question was made.

Was it error to deny the motion to strike the case from the trial calendar, under the circumstances we have detailed? We are of the opinion that it was, and that the subsequent proceedings which culminated in the judgment appealed from were accordingly wholly irregular, and require a vacation of the judgment. Section 5422, Rev. Codes, prescribes the step which it is necessary for a party to a civil case pending in the District Court, after issue joined, to pursue, to bring such issues to trial and upon the trial calendar. These embrace, among other things, the service of a notice of trial at least ten days before the term of court, and the filing of a note of the issue to be tried with the clerk at least eight days prior to the opening of the term. It is the respondents' contention that inasmuch as the case had been upon the trial calendar at two previous terms, even though it was upon an issue of law only, it was not necessary to file a new note of issue and serve a new notice of trial, to give the case a place upon the trial calendar, and entitle them to bring it to trial upon the issue of fact. We do not think section 5422, supra, will bear this interpretation. It is plain that this section deals with two kinds of issues, namely, those of law and those of fact, and recognizes them as inherently distinct. The former arise upon a demurrer, and are determined by the judge alone, while the latter involve the hearing of testimony either by the court or a jury. It seems to us that the re-

quirement that a note of issue shall be filed with the clerk, when read in the light of its obvious purpose, which is to give it a place upon the trial calendar according to the date of the issue, and also to inform the court what the issue is, plainly requires that the party seeking to place a case upon the trial calendar shall state in the note of issue furnished to the clerk whether it is one of law or one of fact. For similar reasons, a notice of trial, which, when served, covered but the issue of law arising on a demurrer, cannot be expanded to cover an issue of fact. Such a construction would destroy the necessity of notice to the adverse party, which is the principal object the section referred to has in view. In the case at bar the issue of law was finally disposed of at the January, 1899, term of court, by the court's order sustaining the demurrer; and the clerk was thereafter without authority, in our opinion, to place the case upon the trial calendar upon an issue of fact, in the absence of the filing of a new note of issue. Neither were the plaintiffs then in a position to bring the issue of fact, which was joined after the final disposition of the demurrer, to trial, by reason of failing to serve a new notice of trial after such issue was joined. And we do not think that the provision that "there need be but one notice of trial and one note of issue from either party and the action must then remain on the calendar until disposed of" conflicts with the foregoing conclusions. The manifest object of the provision just quoted was merely to relieve a party who has taken the necessary steps to secure a trial of an issue of fact or an issue of law from the necessity of serving a new notice of trial, and filing a new notice of the issue, to bring the case upon the calendar, and the issue to trial at a subsequent term of court, in case it is not disposed of at the first term. It clearly refers to a continuation of the case upon the trial calendar upon the same, and not upon a new or different issue. Having reached the conclusion that the note of issue which was filed had accomplished its purpose when the demurrer was disposed of, and that the case was thereafter improperly upon the trial calendar, it follows, for the same reasons, that the notice of trial which was served to bring that issue to trial was thereafter ineffective, also, for any purpose. The case was then not properly on the trial calendar, and the denial of the defendants' motion to strike the same therefrom was error, for which the judgment must set aside.

We reach the same conclusion upon another ground, namely, the failure of the plaintiffs to serve a new notice of trial after the case was returned to the District Court for further proceedings after the determination of the appeal by this court. This would be true even had the notice of trial which was served in this case covered the issues of fact. In our view, the effect of an appeal accompanied by an undertaking such as is found in this case, suspending all further proceedings in the District Court pending the appeal, is to render a notice of trial theretofore served unavailing as a basis for subsequently bringing the case to trial in the District Court

in case it is returned for that purpose. A new notice of trial is necessary under such circumstances. This is the conclusion reached by the Supreme Court of Minnesota under a similar statute. *Mead v. Billings,* 45 N. W. Rep. 228. That court, in the course of its opinion, said: "The notice of trial is required, to enable the adverse party to prepare for trial. It is a matter of right that this opportunity be given for preparation by notice, before a party can be compelled to go to trial, although of course, this might be waived. * * * We understand that the stay bond provided for by statute was given, so that the power of the District Court to proceed to the trial of the cause was suspended. The parties could not know when a decision of the Supreme Court upon the appeal would be rendered; nor, of course, could they know whether the order of the District Court granting a new trial would be sustained or reversed. Hence they could not know whether the case was to be tried again or not, nor if, to be tried, when the trial could be had. They should not, therefore, be required to be prepared for trial at any time, and without notice. If no notice of retrial was required under such circumstances, a party might be compelled to go to trial on the very day of the cause being remanded to the District Court, and this might be just as a term of court was drawing to a close; and if the case should then be called upon the motion of a party, and if the adverse party were absent, the case might be disposed of as upon his default."

Neither do the facts, as they appear of record, warrant us in finding that defendants either waived notice of trial, or acquiesced in the act of the clerk in placing it upon the trial calendar at the July, 1899, term. This was the first term held after the issue of fact was joined. The defendants, without delay, made the motion to strike it off upon the grounds stated. That motion should have been granted, for the reasons already stated, and for the error in denying said motion the judgment must be set aside. The District Court is accordingly directed to make an order vacating and setting aside said judgment. The appellants will recover costs of the appeal. All concur.