B. J. FOLEY, Appellant, v. LEISY BREWING COMPANY AND LORENZ ILL.

Recovering Payment for Liquor: EVIDENCE OF DEMAND: *Plea of settlement.* A plea by defendant of a settlement of a cause of action could not be regarded as a recognition of a prior demand for a return of the moneys.

INSTRUCTIONS: *Held not to submit. undisputed matter.* In an action under Code, section 2423, an instruction was not open to criticism that it submitted to the jury whether there was a demand for the return of the money made on defendant, when that fact was not in dispute; the demand proved being one made on one whose agency with defendant was denied, and there being evidence to prove the absence of agency.

ACTION IS ON CONTRACT: *Rule as to joint wrongdoers not involved.* An instruction in an action under section 2423, that if the jury found that a part of the liquor was sold by one defendant, claimed by plaintiff to have been another defendant's agent, on such agent's own account and a part by the latter defendant, plaintiff could not recover was erroneous as announcing a rule applied to joint wrongdoers; this action under the statute being one on contract, and not in tort.

AGENCY: *Evidence—Construction of bill heads furnished agent.* On trial of an action under Code, section 2423, to recover moneys paid for liquors unlawfully sold, claimed by plantiff to have been sold to him by one acting as agent for defendant, it was competent to permit the president of defendant company to state what certain matters on bill heads furnished to the agent meant, and as to the character and extent of the agent's alleged relations with the company.

Plea and Recovery: RECOVERY OF PAYMENT FOR LIQUOR: *Agency.* Code, section 2423, enacts that all payments or compensation for intoxicating liquors sold in violation of the statutes shall be held to have been received in violation of law, and on a promise of the receiver to pay such consideration on the demand of the person furnishing the same. *Held,* that where in a suit to recover moneys paid for the unlawful sale of liquor, the petition states that plaintiff purchased liquor of defendant through its agent, and that the purchase price was paid to such agent, plaintiff may not recover on a different theory, though the agency of the alleged agent is denied by defendant.

RECOVERY FROM AGENT. The person named in section 2423, as "receiver," and who is made liable for the return of the money, is the one to whom it belongs when paid by the purchaser; and hence one acting as an agent and making a sale of liquor unlawfully cannot be held liable unless he receive a part of the money as his own.

INSTRUCTIONS. In an action under section 2423, to recover moneys paid for liquor claimed to have been unlawfully sold, an instruction that plaintiff must show liquor sold to him directly by defendant, or through its agent, is not objectionable as narrowing the issues.

*Construed.* In an action under section 2423, the court instructed that it must appear that defendant knew that plaintiff had not complied with the requirements of the law "in every particular" to entitle him to retail. *Held,* that a contention that the instruction was erroneous, in that it must have given the jury to understand that defendant would be held liable only on a showing of its knowledge of every detail in which plaintiff had failed to comply with the law, was without merit since the instruction said no more than that defendant was liable if it knew that plaintiff had failed to fully and completely comply with such law.

INSTRUCTION:  *Harmless error.* Where an action under Code, section 2423, is against one having sold liquor to plaintiff and the seller's agent, but the petition states no case against the agent, an instruction relative to the effect of a settlement if found to have been made between the agent and plaintiff was without prejudice.

Setting Aside Default: EVIDENCE. A trial court in setting aside a default judgment, may rest its action upon matters within its own knowledge.

Review on Appeal:  SETTING ASIDE DEFAULT. The action of the trial court in setting aside a default judgment will not be disturbed on appeal unless there be a manifest case of abuse of discretion.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, FEBRUARY 14, 1902.

THIS is an action, under section 2423 of the Code, to recover the amount of $7,882.07; being money paid the de-

fendants for intoxicating liquors sold to plaintiff in violation of law. There was a jury trial, resulting in a verdict for defendants. From a judgment rendered thereon, plaintiff appeals.—*Affirmed.*

*Brennan & Brennan* and *Spurrier & Maxwell* for appellant.

*J. F. Conrad, T. L. Sellers,* and *O. G. Moen* for appellees.

WATERMAN, J.—A default was entered against defendants, which, upon their application and showing, was set aside by the trial court; and this action is made a ground of complaint. It is said the showing was insufficient in several respects. A very large discretion is vested in the trial court in matters of this kind, and where it sets aside a default, thus allowing a trial on the merits, we will not interfere, unless in a manifest case of abuse. *Cap. Sav. Bank & Trust Co. v. Swan,* 100 Iowa, 718. The trial court may even rest such action upon matters within its own knowledge. *Willett v. Millman,* 61 Iowa, 123. The result reached in this case before the jury tends to support the holding of the district court on the motion to set aside the default.

II. The case stated in the petition is that plaintiff purchased the liquor (beer) of the Leisy Brewing Company through Lorenz Ill, its agent, and that the purchase price was paid to said Ill as such agent. The testimony offered by plaintiff was all along this line. In any event, he was entitled to recover on no different theory from that set out in his petition, and this principle is in nowise altered because of the fact that the agency of Ill was denied by defendants. Plaintiff is limited to the case he pleads. We have, then, first to determine whether an

agent can be joined with his principal in an action of this nature. The statute above referred to, under which this action, is brought, provides that money paid for the purchase in violation of law of intoxicating liquor "shall be held to have been received in violation of law and to have been received upon a valid promise and agreement of the receiver to pay on demand to the person furnishing such consideration the amount of said money.   *   *   *" The. person named here as "receiver," and who is made liable for the return of the money, is evidently the person to whom it belonged when paid for by the purchaser. If the latter sent the money by express or by the hands of a private carrier, it is not intended that either of those parties should. be liable, on demand, to return to the payer an equal amount. In *Schober v. Rosenfield,* 75 Iowa, 455, the action was against an agent who had not received the purchase price, although he had made the sale of the liquor. It was held there could be no recovery, and the question of liability in a case where the money had come into the agent's hands was expressly left undecided. In *Sellers v. Arie,* 99 Iowa, 515, cited by appellant, the petition charged defendant as principal. He pleaded as a defense that he was an agent, only. The testimony disclosed that he received the purchase price, and retained 30 to 35 per cent. thereof as his own. This made him a joint principal, for he was a receiver in his own right of a large part of the price paid, and he was held liable as such. The defense of agency will not avail if one is shown to be in fact a joint principal, but there can be no recovery against one whom the plaintiff declares to be an agent only. It is argued on plaintiff's behalf that Ill was a participant in a scheme to enable plaintiff to violate the law. But this is not an action in tort. It arises out of a statutory contract, —that is, a contract which the statute says shall be implied from certain facts,—and is governed by the ordinary rules relating to actions on contracts. It is not the participa-

tion in making the sale, nor the handling of the money, that could make Ill a joint principal, but only the receipt by him, as his own, of a part of the purchase price. See *Woodward v. Squires*, 41 Iowa, 667, and same case in 39 Iowa, 435.

III.   This disposes of the case against Ill. We may say further in this connection that, had it been the intent to charge Ill as a joint principal and a seller of the liquors to plaintiff, we doubt if any such demand was made as to entitle plaintiff to maintain this action against him. The written demand introduced in evidence was for the amount of the purchase price of liquors bought of the Leisy Brewing Company.

IV.   What has been said disposes of the first complaint grounded on the instructions. The next error argued relates to a statement in the charge to the effect that, in order to recover, plaintiff must show that the beer was sold him "directly by the company, or through the defendant Ill as agent of the company." No substantial reason is given to support the objection to this paragraph. It is said the statement tends to narrow the issues. We think it an accurate announcement of the law.

In this same connection the trial court told the jury that, to fix the liability of the brewing company, it must appear "that said company, through its officer or such agent, knew that said Foley had not complied with the requirements of the law in every particular to entitle him to sell." In part, the objection to this language is based upon appellant's construction of the testimony which is in conflict. We need only say there was evidence which warranted the court in leaving to the jury the question of defendant brewing company's knowledge of the situation. The main objection, however, is to the use of the words "in every particular." It is argued that under this instruction the jury must have understood that the brewing company could be held liable only on a show-

ing of its knowledge of every detail in which plaintiff had failed to comply with the mulct law; that if it knew he had failed in one particular, and thus disqualified himself from selling, it would not be sufficient to fix liability, if plaintiff had failed in other respects which were unknown to the brewing company. This seems to us a forced and unnatural construction. The plain meaning is that the brewing company is liable if it knew defendant had failed in any respect to comply with the requirements of the mulct law. It is no more than saying that the brewing company was liable if it knew that plaintiff had failed to fully and completely comply with such law. This appellant tacitly, at least concedes to be the law; for no other objections to this clause are argued than those which we have considered. Another objection to this same instruction is that it is submitted to the jury to find whether there was a demand made on the brewing company for the return of the money before suit was brought, when that fact was not in dispute. The demand proved was made of Ill, and there was evidence tending to show that he was not an agent of the brewing company. It is also claimed that defendants pleaded a settlement of the cause of action before suit brought, and this was a recognition by them of a prior demand. It may have been a recognition of a claim made, but not of the formal demand which the law requires as a foun lation for this kind of action. See *Schober v. Rosenfield,* 75 Iowa, 456.

V. The objections to the third paragraph of the court's charge are covered by what we have already said, so we pass to a consideration of the complaints lodged against the fourth instruction given. This paragraph relates wholly to the facts essential to be found in order to make Ill liable in case the jury finds he was not the agent of the brewing company, but made said sales on his own account. As the petition makes no charge of a sale by Ill, save as agent, this instruction might well

have been omitted. But plaintiff could not have been harmed by it. We think that as to the issue covered by it, the law is correctly stated. There is no inconsistency between this paragraph and that part of the first instruction relating to the knowledge which must be possessed by the seller in order to make the sale illegal, as we have construed the language used in the latter instance.

VI. The fifth instruction given tells the jury that if they find a part of the beer was sold by Ill on his own account, and a part by the brewing company, plaintiff cannot recover. The only argument against the instrction is that it announces an incorrect rule as applied to joint wrongdoers. But as we have seen, this is an action on contract, and not one sounding in tort. It is not claimed the instruction lays down a wrong rule as applied to a case of contract, for nothing is said by counsel on the subject. Therefore we do not consider that question. The paragraph is not vulnerable to attack on the ground chosen by plaintiff.

VII. The sixth instruction submitted relates to the effect of a settlement, if found to have been made, between Ill and plaintiff, by which plaintiff, for a consideration, waived his right to sue for the money now claimed. The only objection made to this paragraph is that there was no evidence to warrant it. As to this, we need but say we cannot assent to the statement. Doubtless this instruction, in common with others noticed, need not have been given, for no case is stated against Ill, but it was clearly without prejudice. What has been said in relation to the matters discussed heretofore sufficiently indicates our reasons for saying the court properly refused an instruction asked by plaintiff, and upon which refusal error is urged in argument.

VIII. Leisy, the president of the brewing company, was permitted, as a witness, to state what certain matter

on billheads furnished for Ill meant, and also to tell the character and extent of the latter's relations with said company. Surely it was competent for the witness to testify to the actual relations that existed between these parties, and this was all that any of this evidence tended to show.

.  We find no prejudicial error, and the judgment is AFFIRMED.