# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

## State of South Dakota

---

### IN RE OLSON'S ESTATE.

1. Under Comp. Laws 1887, § 5034, providing that, when a notice of trial has been given, an action must remain on the calendar until disposed of, it is not necessary to give a new notice before retrial of an action after it has been remanded for trial by the Supreme Court, if a trial notice was given before the appeal was taken.

2. Where the circuit court, over the objection of one party, made an order consolidating two appeals from the county court, under the belief that they were both from the same order, when they were in fact from separate orders, and, in passing judgment, only considered the issues in the order from which the court thought both appeals were taken, no rights of the objecting party in the other appeal were injuriously affected by the consolidation.

3. Where a petition to a county court did not suggest that certain orders and decrees by that court were invalid, evidence of the invalidity of·

the decrees is not admissible on the trial of an appeal in the circuit court, in the absence of an amendment to the petition.

4. Where an appeal to the circuit court from the county court is tried de novo, it is not competent to introduce in evidence the order appealed from.

(Opinion filed April 7, 1903.)

Appeal from circuit court, Union county. Hon. JOSEPH W. JONES, Judge.

Petition by Thomas Olson to the county court for the vacation of certain orders adjudging him incompetent, and appointing guardians of his person and estate. The county court made an order as petitioned for, which was reversed by the circuit court on appeal. From the judgment of the latter court, Olson appeals. Affirmed.

C, S. Palmer and Aikens & Judge, for appellant.

Ericson & Stickney and French & Orvis, for respondents.

HANEY, P. J. This is an appeal from the judgment of the circuit court within and for Union county, reversing an order or decree of the county court which purported to vacate certain previous orders of that court adjudging Thomas Olson to be incompetent, and appointing guardians of his person and estate. Olson is the appellant in this court.

In March, 1891, the judge of the county court of Union county signed an order purporting to appoint A. O. Ringsrud guardian of the person and estate of Thomas Olson, on the ground that Olson was incompetent, by reason of old age and physical infirmities, to manage his own affairs. On May 28, 1892, Ringsrud delivered a letter of resignation to the county judge, but it was neither filed nor accepted until August 13,

1895, although the county court recited his resignation as a fact when it issued its order on May 31, 1892, appointing Andrew Anderson as Ringsrud's successor. On August 13, 1895, Anderson's resignation was accepted. Olson, by his attorneys, petitioned the county court to vacate all orders theretofore made adjudging him an incompetent, as well as all orders appointing guardians of his person and estate; and the county court made an order accepting Ringsrud's resignation. On August 16, 1895, upon the hearing of Olson's petition, the county court made an order vacating all previous orders decreeing him to be incompetent. as well as all orders appointing guardians of his person and estate. Subsequently certain of Olson's children appealed from the order accepting Ringsrud's resignation, made on August 13th, to the circuit court, on questions of law alone. Ringsrud, as guardian, and the same children appealed from the order vacating all previous orders, etc., made on August 16th, to the circuit court, on questions of both law and fact. At the opening of the regular October, 1898, term of the circuit court, these appeals appeared upon the trial calendar as cases No. 1 and No. 2. Prior to this time an appeal in case No. 2 had been determined by the Supreme court; the remittitur having gone down during the interim between the October, 1898, and the last preceding term of the circuit court. Upon the first call of the calendar. Olson's attorneys moved to strike case No. 2 therefrom for the reason that no trial notice had been served since it was returned from the Supreme Court. The motion was overruled. This ruling is assigned as error. It is conceded that notice of trial was given before the case came to this court, and that none was given after the remittitur reached the circuit court. Assum-

ing that the law relating to notices of trial in civil actions commenced in the circuit court is applicable to this class of appeals from county courts, we think the motion to strike from the calendar was properly denied. The territorial statute on this subject, still in force in this state, has been modified in several particulars by the Legislature of North Dakota, Comp. Laws 1887, § 5034: Rev. Codes N. D. 1899, § 5422: It should, however, perhaps, be conceded that, so far as applicable to the precise question of practice here presented, there has been no substantial change. In our sister state it has been held that where a civil case is properly upon the trial calendar of the district court, and notice of trial has been properly served and thereafter an appeal is taken to the supreme court, accompanied by an undertaking staying all proceedings in the district court pending the appeal, and the case is remanded to the district court for trial, a new notice of trial is necessary. Oswald v. Moran (N. D.) 82 N. W. 741. This court has held that, where a new trial is granted in the circuit court, no second notice of trial is required. Connor v. Corson, 13 S. D. 550, 83 N. W. 588. The decision in North Dakota and the Minnesota decision which it follows seem to rest upon considerations of convenience, rather than upon recognized rules of statutory construction. Courts should endeavor to ascertain what the law is, not declare what, in their opinion, it should be. It might be convenient to have a notice of trial served before each term of court but the Legislature has seen fit to adopt a different rule. No substantial right is invaded by prescribing only one notice. Lawyers and litigants are bound to know when terms of court will be held, and may properly be required to ascertain the status of any litigation in which they

are interested, from the time of its initiation to the time of its termination. If a second notice of trial is not necessary where a new trial is granted in the circuit court, no sound reason exists for requiring one where proceedings in that court are resumed after the interruption caused by an appeal to the supreme court. Should a remittitur reach the lower court when after the exercise of reasonable diligence, one of the parties is not prepared for trial, a continuance can always be obtained. This is the language of the statute involved: "There need be but one notice of trial, and one note of issue from either party, and the action must then remain on the calendar until disposed of, and when called may be brought to trial by the party giving the notice." Comp. Laws 1887, § 5034. To "dispose of" means "to part with; to relinquish; to get rid of; as to dispose of a house." Web. Dict. After every appeal actions commenced in the circuit court are remanded to that court for final disposition. Until the action is thus "disposed of" therein, no second notice of trial is required.

The court below, having stated that it would make an order consolidating the two cases, to which counsel for Olson objected, subsequently filed a formal order purporting to consolidate the two appeals. It is manifest from a mere inspection of the record before us that the court and Olson's counsel were laboring under the erroneous impression that both appeals were from the order made by the county court on August 16th, whereas in fact but one appeal had been taken from that order. Hence nothing, in effect, was consolidated with case No. 2, and it is clearly disclosed by the record that the issues in that case were alone considered by the court in rendering the judgment from which the present appeal was taken. We

are therefore clearly of the opinion that nothing was done in this respect which in any manner injuriously affected the appellant's rights.

It is contended that the circuit court erred in excluding certain evidence offered for the purpose of showing that the orders and decrees of the county court adjudging Olson to be incompetent, and purporting to appoint guardians of his person and estate, were invalid, because the records of that court had not been signed by the county judges who made such orders and decrees. Without considering whether such orders and decrees were invalid for the reason assigned, we think the evidence was properly excluded because the petition acted upon by the county court contained no suggestion that the orders and decrees of that court should be vacated because they had not been properly entered on its records. That issue was not presented by the petition, and only such issues as were presented by the petition could be tried by the circuit court in the absence of an amendment, which was not requested.

It was not error to exclude the order of the county court from which the appeal was taken, when offered in evidence by Olson's attorneys. The trial in the circuit court was on questions of both law and fact. It involved a trial of the issues presented by Olson's petition de novo, and such trial should have been, as it was, conducted in the same manner as if the proceedings had been originally commenced in the circuit court. Comp. Laws 1887, § 5976. It is impossible to imagine how the contents of the county court's order could have affected the determination of the issues presented to the circuit court, Again, the order itself was on file in the circuit court,

and before that tribunal for all proper purposes, without be-ing introduced in evidence.   Sess. Laws 1897, p. 109, c. 56.

The judgment of the circuit court is affirmed.