[File No. 2831.]

THOMAS A. COLTER, Respondent, v. JOHN C. LOWE, Appellant.

(239 N. W. 619.)

Opinion filed December 14, 1931.

Palda, Aaker & Greene, for appellant.

Greenleaf, Bradford & Nash, for respondent.

PER CURIAM. This is an action to foreclose a mechanic's lien. The trial court made an order of reference, authorizing the referee to summon and swear witnesses, take their testimony and report the same to the district court with findings of fact and conclusions of law. The district court ordered that the action be heard at 2 : 00 o'clock P. M. on the date on which the order of reference was made. The defendant John C. Lowe made special appearance before the referee and objected to his jurisdiction and right to hear the case on the ground, among others, that no notice of hearing had been given as required by law, and asked that the trial of the case be postponed until after due notice had been given pursuant to statute. The objection was overruled, whereupon the defendant withdrew from the trial and took no further part. The referee proceeded to hear the testimony adduced by the

plaintiff and subsequently made his report, including findings of fact and conclusions of law.

Plaintiff subsequently moved the trial court, pursuant to notice, for a confirmation of the report of the referee. Upon the hearing of such motion the defendant Lowe appeared and objected to the confirmation of the report on the ground, among others, that the hearing before the referee had not been had pursuant to notice as required by law; that under the statute the referee was required to give to the defendant or his counsel at least eight days' notice of the time and place of the trial and that the defendant had at no time waived such notice. The objection was overruled and the trial court entered an order confirming the report. Judgment was entered accordingly and the defendants have appealed.

Our statute provides:

"The trial by referee shall be conducted in the same manner as a trial by the court. Upon such trial the referee shall have the same power to grant adjournments and allow amendments to any pleading as the court would have and upon the same terms and with like effect. He shall also have the same power to preserve order and punish all violations thereof upon such trial and compel the attendance of witnesses before him and to punish them as for contempt for nonattendance or refusal to be sworn or testify as is possessed by the court. *He shall give to the parties or their attorneys at least eight days' notice of the time and place of trial.* He must state the facts found and conclusions of law separately and report his findings together with all of the evidence taken by him and all exceptions taken on the hearing to the district court and the district court may review such report and on motion enter judgment thereon, or set aside, alter or modify the same and enter judgment upon the same so altered or modified, and may require the referee to amend his report when necessary. The judgment so entered by the district court may be appealed from to the supreme court in like manner as from judgments in other cases." Comp. Laws 1913, § 7650.

In this case it is undisputed that no notice was given as required by this statute. The notice of trial which the referee is required to give to the parties is for the purpose of enabling them to prepare for trial. "It is a matter of right that this opportunity be given for prep-

aration by notice, before a party can be compelled to go to trial, although, of course, this might be waived." Mead v. Billings, 43 Minn. 239, 45 N. W. 228. The appellant had only a few hours notice of the trial before the referee. The appellant had not waived the notice prescribed by § 7650, supra, and he was clearly entitled to such notice. The district court had no right or power to dispense with the notice of trial prescribed by the statute and the failure to give such notice and the trial of the cause without it, over the objection of the appellant, was error prejudicial to his rights and necessitates a reversal of the judgment. Oswald v. Moran, 9 N. D. 170, 82 N. W. 741; 53 C. J. 721; 38 Cyc. 1272, et seq.

The judgment is reversed and the cause is remanded for further proceedings conformable to law.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.